540 S.E.2d 591

**Myron ZIRKLE, II, Plaintiff Below, Appellee,**

v.

**Shelia ZIRKLE, Defendant Below, Appellant.**

No. 27379.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 20, 2000.

Decided Oct. 27, 2000.

---

11. Mr. Loomis was approximately 5'8" tall and weighed 186 pounds. Mr. Wykle was approximately 6' tall and weighed 180 pounds.

Gale E. Carroll, Carroll & Thomas, Weston, for the Appellant.

Charles R. Webb, Giatras & Webb, Charleston, for the Appellee.

## PER CURIAM:

This appeal originated from a divorce action between Shelia Zirkle, appellant/defendant below (hereinafter "Mrs. Zirkle"), and her spouse Myron Zirkle, II, appellee/plaintiff below (hereinafter "Mr. Zirkle"). Mrs. Zirkle appeals an order of the Circuit Court of Upshur County awarding the permanent custody of the parties' infant daughter to Mr. Zirkle. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we affirm the decision of the Upshur County Circuit Court.

1. At some point in 1996, Mrs. Zirkle again obtained employment.

2. On May 1, 1998, the circuit court entered an order granting the parties' divorce.

3. Mr. Zirkle contends that his Rule 60(b) motion was in response to a second custody order entered by the circuit court on January 13, 1998.

I.

### FACTUAL AND PROCEDURAL HISTORY

The Zirkles were married on February 23, 1991. Mrs. Zirkle gave birth to the parties' only child on January 27, 1993. During the marriage, Mr. Zirkle was employed fulltime. Mrs. Zirkle was employed briefly from about August, 1993, until April, 1994.[1] While they were married, Mr. and Mrs. Zirkle, and their child, lived with Mr. Zirkle's parents.

On January 28, 1997, Mr. Zirkle filed a divorce complaint alleging adultery by Mrs. Zirkle. Initially, Mr. Zirkle was awarded temporary custody of the parties' child. However, based upon the recommendations of the family law master, the circuit court entered an order dated December 22, 1997, which awarded permanent custody of the child to Mrs. Zirkle.[2] Mr. Zirkle did not appeal that specific order. Instead, on April 14, 1998, he filed a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure seeking relief from the court's custody ruling.[3]

Prior to a ruling by the circuit court on Mr. Zirkle's Rule 60(b) custody motion, several matters occurred regarding the child. On December 31, 1998, Mrs. Zirkle filed a motion with the circuit court seeking permission to relocate the child to Missouri. Mrs. Zirkle wanted to leave West Virginia because she had found employment in Missouri. As a result of State legislative duties and immunity, Mr. Zirkle's counsel was unavailable to attend a hearing on the motion.[4] Therefore, Mrs. Zirkle sought and obtained an interim order from the family law master on March 15, 1999, which permitted her to leave the State with the child. Mr. Zirkle objected to the interim order. The circuit court sustained the objection and awarded temporary

However, the second custody order only qualified the previous custody order by requiring Mrs. Zirkle to obtain the court's permission before moving the child out of state.

4. Mr. Zirkle's counsel was a member of the House of Delegates.

custody of the child to Mr. Zirkle on March 30, 1999. Thereafter, Mrs. Zirkle complied with the order and returned the child to West Virginia.

On May 24, 1999, a hearing was held presumptively on Mr. Zirkle's Rule 60(b) motion regarding permanent custody of the child. On June 30, 1999, the circuit court entered an order awarding permanent custody of the child to Mr. Zirkle. This appeal followed.

## II.

## STANDARD OF REVIEW

■ Initially, the family law master recommended custody of the child be given to Mrs. Zirkle and the circuit court adopted this recommendation. However, upon subsequent review pursuant to the Rule 60(b) motion, the court granted custody of the child to Mr. Zirkle. We have held that " '[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va.R.C.P., is addressed to the sound discretion of the court and the courts ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syl. pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. pt. 1, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995).

"[Q]uestions of law and statutory interpretations are subject to a *de novo* review." Syl. pt. 1, in part, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

## III.

## DISCUSSION

■ In this appeal, Mrs. Zirkle contends that Mr. Zirkle could not use Rule 60(b)(1)[5] to reopen the child custody issue after failing to appeal the December 22, 1997, child custody order. She asserts that the error addressed by the circuit court involved correcting a prior misapplication of the law and that Rule 60(b)(1) cannot be used to rectify such an error.[6]

In support of her assignment of error, Mrs. Zirkle directs this Court's attention to *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996), wherein this Court expressly precluded use of Rule 60(b)(1) to correct erroneous applications of the law. The decision in *Powderidge* involved the plaintiff's appeal of a summary judgment for the defendant. One of the issues argued in *Powderidge* was whether or not the circuit court correctly denied the plaintiff's general Rule 60(b) motion.[7] The plaintiff sought to present additional evidence to the trial court, which it

**5.** The briefs of both parties simply refer to Rule

**6.** Rule 60(b) of the West Virginia Rules of Civil Procedure provides in its entirety:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be

made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**7.** The plaintiff actually filed a "motion for reconsideration," which this Court interpreted as being a Rule 60(b) motion.

contended would preclude summary judgment. In *Powderidge*, this Court affirmed the trial court's decision to deny the Rule 60(b) motion because the plaintiff sought to introduce factual evidence that was available to it, and that should have been presented when the summary judgment motion was heard. 196 W.Va. at 706, 474 S.E.2d at 886.

Arriving at this decision in *Powderidge*, we discussed in general terms some of the restrictions imposed on the use of Rule 60(b). Specifically, we noted that "[a] Rule 60(b) motion is 'designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.'" *Powderidge*, 196 W.Va. at 705, 474 S.E.2d at 885 (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). In the case *sub judice*, Mrs. Zirkle incorrectly seeks to use the dicta from *Powderidge* for the proposition that Rule 60(b)(1) can never be used to correct a mistake of law.

During the proceedings below, the circuit court found that it had mistakenly applied the wrong standard of review when deciding the custody issue in its December 22, 1997, order and, thus, granted Mr. Zirkle's Rule 60(b) motion. In the initial child custody order, the court applied the clearly erroneous standard of review to the family law master's factual findings. The clearly erroneous standard was the proper method of review when the divorce complaint was filed.[8] However, when revisiting the child custody issue pursuant to the Rule 60(b)(1) motion, the circuit court determined that the Legislature had modified the standard pursuant to W. Va. Code § 48A–4–20(c) (1997).[9] The new legislation provided that conclusions of law shall be subject to a *de novo* review by the circuit court. *Id.*

Revisiting its earlier decision, the circuit court concluded that the evidence established that Mr. Zirkle was the parent best fit to care for the child. The trial court specifically found that:

> [Mr. Zirkle] provides a more stable and familiar environment to the child and has not engaged in irrational behavior as has been exhibited by [Mrs. Zirkle] in some of her life choices.... Placing this child in

---

**8.** The clearly erroneous standard of review was required by the decisions of this Court. *See, e.g.,* Syl. pt. 1, *Stephen L.H. v. Sherry L.H.,* 195 W.Va. 384, 465 S.E.2d 841 (1995) ("A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard.").

**9.** The 1997 version of W. Va.Code § 48A–4–20(c) states in relevant part:

(c) The circuit court shall examine the recommended order of the master, along with the findings and conclusions of the master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. Conclusions of law of the family law master shall be subject to de novo review by the circuit court. Nothing in this subsection shall be construed to authorize a de novo review of the facts; however, *the circuit court shall not be held to the clearly erroneous standard in reviewing findings of fact.*

(Emphasis added).

It should be noted that at the time of the circuit court's decision on the Rule 60(b) motion, June 30, 1999, the Legislature had once again amended W. Va.Code § 48A–4–20(c) (1999), so as to require application of the clearly erroneous review standard. The 1999 version of the statute now reads in relevant part:

(c) The circuit court shall examine the recommended order of the family law master, along with the findings and conclusions of the family law master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. Conclusions of law of the family law master shall be subject to de novo review by the circuit court. *The circuit court shall be held to the clearly erroneous standard in reviewing findings of fact.*

W. Va.Code § 48A–4–20(c)(1999) (Emphasis added).

Mrs. Zirkle has not raised the issue of what impact, if any, the current version of the statute had on the circuit court's decision of the Rule 60(b) motion.

unfamiliar surroundings with a virtual stranger [Mrs. Zirkle's paramour] and allowing the child to become exposed immediately to a romantic relationship between her mother and a person whom she does not know is clearly not in the best interests of this child.

Insofar as Mrs. Zirkle challenges only the propriety of using Rule 60(b)(1) to correct a legal mistake, we find no abuse of discretion in the trial court's decision to entertain and grant relief under the motion.[10]

**10.** Mrs. Zirkle's other assignments of error are without merit.

## IV.

## CONCLUSION

In view of the foregoing, the judgment of the circuit court is affirmed.

Affirmed.