569 S.E.2d 804

**Shelia D. ALLEN, Plaintiff Below, Appellee,**

v.

**Michael L. ALLEN, Defendant Below, Appellant.**

No. 30523.

Supreme Court of Appeals of West Virginia.

Submitted June 11, 2002.

Decided June 28, 2002.

Loren B. Howley, Esq., Grantsville, West Virginia, Attorney for Appellant.

H. Beth Sears, Esq., Hancock & Sears, Ravenswood, West Virginia, Attorney for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Roane County entered on December 28, 2001. In that order, the circuit court granted a W.Va. R.Civ.P. 60(b) motion filed by appellee and plaintiff below, Sheila D. Allen, for relief from a prior order granting residential custody of her two children to their father, Michael Allen, the appellant and defendant below. The order provided that Sheila Allen would retain custody of the children, and that the matter would be remanded to the family law master [1] to determine, *inter alia*, whether Sheila Allen's remarriage and relocation of residence constituted a material and substantial change in circumstances.

In this appeal, Michael Allen contends that Sheila Allen failed to present any new grounds for relief pursuant to Rule 60(b), and therefore, the circuit court erred by granting the motion. This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For

---

1. During the pendency of this appeal, the Legislature abolished the position of family law master and replaced it with the judicial office of family court judge. *See* W.Va.Code § 51-2A-1, *et seq.*

the reasons set forth below, the final order is affirmed.

## I. FACTS

The parties were divorced on August 25, 1998. Sheila Allen was awarded legal custody of the parties' two children and physical custody was to be shared pursuant to the terms of a parenting agreement which was attached and incorporated into the final order. The parental agreement indicated that the children were enrolled in school in Spencer, Roane County, West Virginia, and provided that in the event that either parent was to move outside of the school district, the parties would jointly determine how they could continue the parenting agreement. If a consensus could not be reached in that regard, the agreement provided that either party could file a modification petition with the circuit court to terminate the agreement.

In June 1999, Sheila Allen remarried and moved to Mason County, West Virginia, with the children. The parties could not agree on a modification of their parenting plan. Consequently, Michael Allen filed a motion for modification of custody in August 1999. The case was assigned to a family law master who conducted evidentiary hearings in December 1999. The parties were aware of the fact that new laws relating to shared parenting were going to go into effect on January 1, 2000. Accordingly, they agreed that the case should be decided consistent with those new laws.

On August 11, 2000, the family law master issued a recommended decision and order[2] which designated Michael Allen as the primary residential custodian of the children. The recommended decision set forth a schedule of physical custody which provided that the children would reside primarily with their father but spend almost all weekends with their mother during the school year. In addition, Sheila Allen would have physical custody of the children most of the summer.

Sheila Allen immediately filed a petition for review and a motion for a stay of the order with the circuit court. The motion for a stay was denied.[3] The Honorable Charles E. McCarty heard oral argument on the petition for review on September 29, 2000. By order entered on December 20, 2000, Judge McCarty adopted the family law master's recommended decision.

On January 1, 2001, the Honorable David W. Nibert took office, succeeding Judge McCarty. Shortly thereafter, Sheila Allen filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure seeking "clarification and reconsideration" of the December 20, 2000 order. Michael Allen responded by alleging that Sheila Allen had not offered any new grounds for her motion and was improperly attempting to obtain a different result from a newly elected official.

A status conference was held on August 6, 2001, and on August 22, 2001 the matter was submitted for decision. On December 28, 2001, Judge Nibert entered an order granting Sheila Allen's Rule 60(b) motion and reversing parts of the recommended decision of the family law master. Specifically, Judge Nibert ordered that Sheila Allen would retain legal custody of the children. The matter was remanded to the family law master to make findings as to whether a substantial change in circumstances had occurred as the result of Sheila Allen's remarriage and relocation to Mason County. The family law master was also ordered to consider a transition period for transfer of custody of the children back to Sheila Allen.

Thereafter, the parties filed various motions, but all proceedings below were stayed when Michael Allen filed an appeal of the December 28, 2001 order with this Court.

## II. STANDARD OF REVIEW

As discussed above, Michael Allen appeals an order granting a motion filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[4] In Syllabus Point

2. The recommended order was adopted as a temporary order and became effective immediately.

3. Sheila Allen also filed a motion for stay of the order with this Court. Her motion was denied by an order dated August 29, 2000.

4. Rule 60(b) of the West Virginia Rules of Civil

5 of *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974), this Court held that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." We further held in Syllabus Point 3 of *Toler* that "[a]ppeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." With these standards in mind, we now address the issues in this case.

## III. DISCUSSION

Michael Allen contends that Judge Nibert erred in reconsidering Judge McCarty's December 20, 2000 order. He maintains that Sheila Allen did not assert any new grounds for relief in her Rule 60(b) motion and that she merely asked the court to reconsider the same issues she raised in her petition for review of the family law master's decision which Judge McCarty ruled upon in the December 20, 2000 final order. Michael Allen argues that Judge Nibert simply substituted his judgment for that of Judge McCarty.

 We begin our analysis in this case by determining Judge Nibert's authority to review the final order entered by Judge McCarty on December 20, 2000. On two previous occasions, this Court has addressed the authority of successor judges. In *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 105, 459 S.E.2d 374, 382 (1995), this Court stated that:

> "the new judge may perform any action which the first judge could have taken had he not become disabled.... [I]f the transcript of the proceedings is sufficient, he may also rule upon any post-trial motions made by the parties, including a motion for judgment n.o.v. or a motion for a new trial." James Wm. Moore, *Moore's Federal Practice* ¶ 63 at 63–10 (1995).

Likewise, in Syllabus Point 7 of *Coleman v. Sopher,* 201 W.Va. 588, 499 S.E.2d 592 (1997), this Court determined that:

> Generally, when a successor judge is properly assigned pursuant to Rule 63 of the West Virginia Rules of Civil Procedure, such successor judge steps into the shoes of his or her predecessor and, when the transcript of the proceedings is sufficient, may take any action that such predecessor may properly have taken, either upon proper motion or *sua sponte.*

Although Judge Nibert is a successor judge in the instant case as the result of an election instead of assignment pursuant to W.Va. R.Civ.P. 63, our holdings in *Tennant* and *Sopher* are still applicable. Thus, we find that Judge Nibert had the authority to take any action that Judge McCarty may have taken.

Procedure states:

> *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

With regard to a motion for relief from judgment, W.Va.R.Civ.P. 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons . . . ." Under Rule 60(b), Judge McCarty would have been permitted to grant Sheila Allen relief from his prior final order had he determined that such a ruling was warranted. Accordingly, Judge Nibert also had the authority to reconsider the final order entered by Judge McCarty on December 20, 2000 pursuant to Sheila Allen's Rule 60(b) motion.

 Having determined that Judge Nibert had the authority to rule upon Sheila Allen's Rule 60(b) motion, we now consider whether he abused his discretion in granting her motion. We note that although Judge Nibert presided in this case as a successor judge, our standard of review remains the same.

Once a successor judge is properly assigned pursuant to Rule 63 of the West Virginia Rules of Civil Procedure and Rule XVII of the West Virginia Trial Court Rules for Trial Courts of Record, his or her decision or judgment is to be reviewed on appeal under the same standard that would have been applied to the decision of the original trial judge. To do otherwise would disrupt the administration of justice. To the extent that our prior cases are inconsistent with this decision, they are expressly overruled.

Syllabus Point 1, *Tennant, supra.*

With regard to Rule 60(b) motions, this Court stated in *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.,* 196 W.Va. 692, 706, 474 S.E.2d 872, 886 (1996), that:

A circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it. In other words, a Rule 60(b) motion to reconsider is simply not an opportunity to reargue facts and theories upon which a court has already ruled.

In this case, Michael Allen avers that Sheila Allen simply sought the opportunity to reargue the facts and theories which were the basis for the December 20, 2000 order. However, Sheila Allen contends that her Rule 60(b) motion was premised upon mistakes made by the family law master in his findings relating to the parental agreement. She also says that the family law master misapplied the law to the facts, and therefore, she was entitled to Rule 60(b) relief.

Judge Nibert's order indicates that he did in fact determine that the family law master made mistakes in his findings with regard to the terms of the parties' parental agreement and also misapplied the law. For instance, Judge Nibert found that:

The Family Law Master's paraphrasing and misquote of the language in the Parenting Agreement caused him to find that [Sheila Allen] was unreasonable in obstructing [Michael Allen's] visitation with the children. This is clearly a mistake since the Court Order, which incorporated the Parenting Agreement stated [Michael Allen] could pick up the children from school. He was to notify [Sheila Allen] in the event he would not pick up the children. It was [Michael Allen's] action in delegating after-school transportation to third person(s) which was in violation of the Parenting Agreement.

Judge Nibert also determined that the family law master misapplied the law by modifying the parenting agreement without a showing of harm to the children as the result of Sheila Allen's remarriage. In this regard, Judge Nibert stated:

West Virginia Code, Chapter 48, Article 9, Section 401, states that remarriage of a party does not justify a significant modification of a Parenting Plan except where harm to the children is shown. There is apparently no evidence of harm to the children arising from the mother's remarriage. Within paragraph 9[sic] of the Recommended Decision, the Family Law Master found that the evidence showed the children have adjusted well to their move to Mason County. Within paragraph 8 of the Recommended Decision, the Family Law Master found the mother's new husband gets along well with the children.

Judge Nibert's fifteen-page order is replete with findings that the family law master made mistakes in interpreting the parties' parental agreement and in applying the law. Rule 60(b) clearly provides that a motion for relief from judgment may be granted because of a mistake. *See* note 4, *supra.* In addition, this Court has found that Rule 60(b) relief may be granted to correct a misapplication of the law. In *Zirkle v. Zirkle,* 208 W.Va. 374, 540 S.E.2d 591 (2000), this Court found that Rule 60(b) relief was appropriate where the court applied the wrong standard of review in deciding a custody issue. Since Judge Nibert granted Rule 60(b) relief based upon mistake and misapplication of the law, we cannot find that he abused his discretion in entering such a ruling.

## IV. CONCLUSION

Thus, for the reasons set forth above, the final order of the Circuit Court of Roane County entered December 28, 2001 is affirmed.

Affirmed.