STATE OF WEST VIRGINIA

In Re: The Child of Daniel M.,
Respondent Below, Petitioner

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 14-0411 (Logan County 07-D-400)

Virginia M., Petitioner Below,
Respondent

## MEMORANDUM DECISION

*Pro se* Petitioner Father appeals the Circuit Court of Logan County's March 31, 2014, order denying his appeal from family court.[1] Respondent Mother, by counsel Robert M. Ilderton, filed a response in support of the circuit court's order. The child's guardian ad litem, Erica Barker Cook, filed a response on behalf of the child supporting the circuit court's order and also filed a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in refusing to allow oral argument on his petition for appeal, and that the family court erred in making only minor changes to the existing parenting plan, in failing to consider the child's increased age, in failing to consider the time it takes petitioner to get to the child's school, and in considering the child's wishes regarding spending additional time with petitioner.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By family court order entered in late 2008, respondent was granted primary custodial responsibility of the minor child, J.M., then five years old. Petitioner was awarded visitation every other weekend from Friday after school, or 6:00 p.m. if school was not in session, until

---

[1] In keeping with this Court's policy of protecting the identity of minors, the parties to this appeal will be referred to by their last initials through the memorandum decision.

[2] Petitioner includes an additional section in his brief entitled "Other Issues to be Discussed," wherein he provides information related to a requirement that he record the child being given her medication because of past incidents in which it was not administered at petitioner's home. However, petitioner makes no argument as to an alleged error by the circuit court in this regard. As such, pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate procedure, the Court will disregard this section of petitioner's brief because the alleged error is "not adequately supported by specific references to the record on appeal."

6:00 p.m. on Sunday. In September of 2010, petitioner filed a petition to modify the parenting plan. A final hearing on the petition was held in February of 2011, but the parties could not agree on the contents of the proposed order. As such, a second hearing was held on June 16, 2011. On July 28, 2011, the family court entered a final order wherein petitioner was granted visitation every other weekend from Friday at 5:00 p.m. until Monday at 9:30 a.m. Petitioner appealed this order to the circuit court.

In January of 2013, the circuit court remanded the matter back to the family court due to an underdeveloped record. The circuit court further recommended that the family court consider the guidelines set forth in *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011). Thereafter, the family court appointed a guardian ad litem ("guardian") for the child, and the guardian filed a report in June of 2013. That same month, the family court held a hearing during which the parties questioned and cross-examined the guardian concerning her report. The hearing ended before all of the evidence could be introduced, and the matter was rescheduled for a later date to finalize all outstanding custodial issues. In September of 2013, the guardian submitted a supplemental report.

Thereafter, the parties, including the guardian, appeared for a final hearing and negotiated for approximately three hours to come up with a comprehensive parenting plan. Ultimately, the parties notified the family court that they had agreed to the guardian's recommendations, subject to a few changes and additions. The parties agreed that petitioner would continue to have visitation every other weekend from Friday at 5:00 p.m. until Monday at 9:30 a.m. and would also have three weeks of vacation time with the child every summer. The parties also agreed to other shorter visitations between petitioner and the child, including certain holidays. Because the parties were essentially adopting the guardian's recommendations, she was asked to prepare the final order. However, after circulating the proposed final order, petitioner's counsel sent correspondence to the guardian regarding "proposed questions and comments." Neither petitioner nor his counsel signed the final order, which was submitted pursuant to Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court. Petitioner's counsel also filed an objection. The family court ultimately entered the final order on December 10, 2013. In January of 2014, petitioner filed a pro se petition for appeal in the circuit court. The circuit court denied the petition by order entered on March 31, 2014, and it is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Allen v. Allen*, 226 W.Va. 384, 701 S.E.2d 106 (2009). Upon our review, the Court finds no error in the circuit court's denial of petitioner's appeal or in the family court's final order.

2

To begin, petitioner argues that the circuit court erred in not allowing him to present oral argument and evidence in support of his petition for appeal, instead refusing the petition based solely on briefing. The Court, however, finds no merit to this argument. Petitioner cites to no authority requiring a circuit court to allow for the presentation of evidence or oral argument in support of a petition for appeal. In fact, pursuant to Rule 31 of the West Virginia Rules of Practice and Procedure for Family Court and the syllabus point cited above, it is clear that circuit courts are free to refuse to review petitions for appeal from family court. While petitioner argues that a hearing on his petition was necessary because there was no record of the parties' negotiations from family court and that he did not agree to the guardian's recommendations, this argument is irrelevant in light of the final order's entry pursuant to Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court.

According to that Rule,

the attorney [preparing an order] shall send all parties copies of the draft order . . . together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order . . . no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order . . . no later than ten days after the receipt of the objections.

The record here is clear that petitioner, by counsel, filed an objection to the entry of the guardian's proposed order on November 21, 2013, despite his representations to the family court that he "agrees with the [guardian's] recommendations subject to a few changes" at the September 16, 2013, hearing. The family court was aware of petitioner's objections and thereafter entered the final order with full knowledge thereof. For these reasons, we find no error in the circuit court's decision to summarily refuse the petition for appeal.

Petitioner next alleges that the circuit court erred in making only minor changes to the parenting plan after the matter was remanded from circuit court in January of 2013. In support, petitioner argues that this Court has previously held that

West Virginia Code § 48–9–401(a) (2009) permits a court to modify a parenting plan order on the basis of a substantial change in circumstance that arises after the parenting plan order is entered if such change was not provided for in the parenting plan and modification is necessary to serve the best interests of the child.

Syl. Pt. 3, *Skidmore v. Rogers*, 229 W.Va. 13, 725 S.E.2d 182 (2011). However, petitioner's argument on this point is without merit, as it is clear that the family court made substantial changes to the parenting plan upon remand. This included two additional weeks of visitation between petitioner and the child in the summer, an additional evening visit on petitioner's off week, two additional weekend visits each year, and a detailed schedule for holiday visitations. Most importantly, however, the Court finds that this visitation schedule preserves the child's relationship with petitioner and is in the child's best interest. As such, we decline to alter the

3

same on appeal. See Syl. Pt. 4, *State ex rel. Kutil v. Blake*, 223 W.Va. 711, 679 S.E.2d 310 (2009) ("'The best interests of a child are served by preserving important relationships in that child's life.' Syl. pt. 2, *State ex rel. Treadway v. McCoy*, 189 W.Va. 210, 429 S.E.2d 492 (1993)").

Petitioner next alleges that the family court erred in failing to consider the child's increased age in entering its final order. However, petitioner provides no evidence that the circuit court did not consider the child's increased age and instead simply argues that the fact the family court did not grant him more parenting time is evidence that her age was not considered. The Court finds no merit to this argument. The record is clear that the circuit court was apprised of the child's increased age, including two reports from the guardian that included this information. Simply put, there is no evidence to suggest that the family court did not consider the child's age prior to entering the final order and, more important, the record shows that the parties agreed to this parenting plan as being in the child's best interest. As such, we find no error in this regard.

Petitioner next argues that the family court did not consider the amount of time it takes him to get from his house to the child's school or respondent's residence. Specifically, petitioner argues that if he were awarded more parenting time, it would not adversely affect the child because she would not have to wake up any earlier to go to school than she would at respondent's home. Again, the Court finds no merit to this argument. There is no evidence in the record to show that this factor was not considered, and, in fact, the guardian made specific note of petitioner's imminent move and the new home's position closer to the child's school district in her June 12, 2013, report. More importantly, as noted above, petitioner agreed to the guardian's recommendations, subject to the changes incorporated into the final order. For these reasons, we find no error in this regard.

Finally, petitioner argues that the family court erred in considering the child's statement that she did not want additional time with her father because she was only nine years old at the time. According to petitioner, the family court erred in considering the child's wishes because she was not fourteen, which is the age at which a child's wishes can be considered pursuant to West Virginia Code § 48-9-402(b)(3). However, the Court notes that petitioner did not raise this issue on appeal to the circuit court. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009). As such, we decline to address this issue on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 31, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II