403 S.E.2d 780

**Della B. ROWAN and Everett L. Rowan, Individually and d/b/a Central West Virginia Mobile Home Sales, Inc., a West Virginia Corporation, Plaintiffs Below, Appellants,**

v.

**William E. McKNIGHT, Defendant Below, Appellee.**

**No. 19634.**

Supreme Court of Appeals of West Virginia.

Submitted March 12, 1991.

Decided April 1, 1991.

Michael C. Farber, Sutton, for plaintiffs below, appellants.

David R. Rexroad, Rexroad & Rexroad, Buckhannon, for defendant below, appellee.

PER CURIAM:

The appellants, Della and Everett Rowan, appeal a final order of the Circuit Court of Upshur County, dated July 5, 1989, which found that certain facts of the case contained in the appellants' complaint against the appellee, William E. McKnight, had been previously ruled upon by the West Virginia Public Service Commission and therefore, were *res judicata.* The appellants contend that the circuit court erred in finding that the Public Service Commission's decision was *res judicata.* We agree, and we reverse the decision of the circuit court.

The appellee had obtained a certificate of convenience and necessity from the Public Service Commission to transport mobile homes throughout West Virginia. In July of 1985, the appellee agreed to transfer his certificate of convenience and necessity to the appellants for a payment of $40,000. The written agreement executed by the parties contained a covenant which provided that the appellee would not compete, either directly or indirectly, with the appel-

lants in the transportation of mobile homes within the state of West Virginia on a contract basis.

Thereafter, the appellants believed that the appellee had violated the covenant not to compete by transporting certain mobile homes for the Lewis County Board of Education on a contract basis. On February 2, 1987, the appellants filed an informal complaint with the Public Service Commission alleging that the appellee had moved two mobile homes for the Lewis County Board of Education from Roanoke to Walkersville, West Virginia, without proper authority from the Public Service Commission. The matter was investigated by the Public Service Commission and in July of 1987, one of the Public Service Commission's investigators found that the appellee had not performed any transportation or any other activity which required a certificate from the Public Service Commission.[1]

On June 30, 1987, the appellants filed a petition for declaratory judgment and injunctive relief with the circuit court. In its petition, the appellants asserted that the appellee had violated the covenant not to compete contained in the contract executed by the parties by transporting mobile homes for the Lewis County Board of Education. The appellants sought to enjoin the appellee from competing with them under the terms of their contractual agreement.

■ A hearing was held on June 9, 1989, at which time the circuit court found that the matters alleged by the appellants with respect to the issue of the transportation of mobile homes for the Lewis County Board of Education had been decided by the Public Service Commission, and determined that the issue should be dismissed. Another hearing was held on July 3, 1989, during

which the appellants requested that the circuit court reconsider its dismissal of the issue. By order dated July 5, 1989, the circuit court denied the appellant's motion to reconsider[2] on the ground that the finding of the Public Service Commission was res judicata with respect to the issue of the transportation of mobile homes for the Lewis County Board of Education. It is from that order that the appellants now appeal.

■ The sole issue in this appeal is whether the circuit court erred in determining that the Public Service Commission's finding that the appellee was not transporting mobile homes illegally was res judicata.

This Court has recognized that the doctrine of res judicata may be applied to quasi-judicial determinations of administrative agencies. Liller v. West Virginia Human Rights Commission, 180 W.Va. 433, 376 S.E.2d 639 (1988); Mellon–Stuart Co. v. Hall, 178 W.Va. 291, 359 S.E.2d 124 (1987). We explained in Liller that in order for the preclusion under the doctrine of res judicata to apply, "the decision must be rendered pursuant to the agency's adjudicatory authority and the procedures employed by the agency must be substantially similar to those used in a court of law." 180 W.Va. at 440, 376 S.E.2d at 646.

We further explained in syllabus point 3 of Mellon–Stuart, supra:

An assessment of three factors is ordinarily made in determining whether res judicata and collateral estoppel may be applied to a hearing body: (1) whether the body acts in a judicial capacity; (2) whether the parties were afforded a full and fair opportunity to litigate the mat-

---

1. The appellee had filed an affidavit with the Public Service Commission in which he stated that he disassembled and assembled the mobile homes but that another carrier, Nixon Mobile Homes, had transported the mobile homes for the Lewis County Board of Education.

Upon investigating the matter, James A. Jones, an investigator for the Transportation Division of the Public Service Commission, found that the appellee had not performed any activities which required a certificate, and closed the complaint. It does not appear that

an order was entered by the Public Service Commission.

2. Although this issue was not raised, we point out that motions for reconsideration are commonly filed in circuit courts, perhaps in lieu of motions pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. However, we find no provision in the Rules which allows a motion for reconsideration to be filed. We caution attorneys that a motion for reconsideration does not toll the time for appeal.

ters in dispute; and (3) whether applying the doctrines is consistent with the express or implied policy in the legislation which created the body.

*See also Liller,* 180 W.Va. at 440 n. 14, 376 S.E.2d at 646 n. 14.

The issue involved in the informal complaint before the Public Service Commission concerned whether the appellee had been transporting mobile homes without a certificate of convenience and necessity from the Commission in violation of *V. Wa. Code,* 24A–2–5 [1980].[3] An investigator from the Transportation Division of the Public Service Commission determined that the appellee was not transporting mobile homes illegally, and closed the informal complaint. There was no determination made by the Public Service Commission with respect to the breach of contract issue.

Thus, it is clear under the principles expressed in *Mellon–Stuart* and *Liller* that the issue of whether the appellee breached the covenant not to compete contained in the contract executed by the parties was not litigated before the Public Service Commission. Therefore, the circuit court was not precluded from considering the breach of contract issue.

For the foregoing reasons, we find that the circuit court's determination that the doctrine of *res judicata* precluded it from considering the breach of contract issue with respect to the appellee's alleged transportation of mobile homes for the Lewis County Board of Education was error. Therefore, we reverse the decision of the trial court and remand this case for further proceedings.

Reversed and remanded.

---

**3.** *W.Va.Code,* 24A–2–5 [1980] provides, in pertinent part, that: "[i]t shall be unlawful for any common carrier by motor vehicle to operate within this state without first having obtained from the commission a certificate of convenience and necessity."