672 S.E.2d 327

**In re the Marriage of: Ralph BURTON, Petitioner/Respondent Below, Appellee**

**v.**

**Bonnie Sue BURTON, Respondent/Petitioner Below, Appellant.**

**No. 33729.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 2008.

Decided Nov. 19, 2008.

Timothy M. Koontz, Charleston, for the Appellant.

Rebecca E. Mick, Crandall, Pyles, Haviland, Turner & Smith, LLP, Logan, for the Appellee.

PER CURIAM:[1]

This is an appeal by Bonnie Sue Burton (hereinafter "Appellant") from an order of the Circuit Court of Logan County dismissing her Petition for Appeal from a final order of the Family Court. The Appellant contends that the Circuit Court erred in dismissing the Petition for Appeal and argues that her Motion for Reconsideration tolled the running of the statutory time limit for appealing from Family Court to Circuit Court. Upon thorough review of the briefs, record, arguments of counsel, and applicable prece-

dent, this Court reverses the Circuit Court of Logan County and remands this matter for full consideration of the Appellant's appeal of the Family Court ruling to the Circuit Court of Logan County.

## I. Factual and Procedural History

On August 27, 2004, Logan County Family Court Judge Kelly Gilmore Codispoti entered a Final Order of Divorce between the Appellant and Ralph Burton (hereinafter "Appellee"). The Family Court order held that certain stock held by the Appellee constituted his separate property; found that the grounds for divorce of extreme mental and physical cruelty had not been proven; and ordered alimony of $350.00 monthly to be paid by the Appellee for a period of five years. The Appellant presented an oral Motion for Reconsideration, pursuant to West Virginia Code § 51–2A–10 (2001) (Supp. 2008),[2] to the Family Court the same day the divorce order was entered. The Family Court immediately granted the Appellant's Motion for Reconsideration and subsequently conducted a hearing on such motion on November 30, 2004. On February 23, 2005, the Family Court entered an order denying the Motion for Reconsideration.[3]

On March 25, 2005, the Appellant filed a Petition for Appeal in the Circuit Court of Logan County, pursuant to West Virginia Code § 51–2A–11 (2001) (Supp.2008), challenging certain Family Court rulings. On November 14, 2005, the Appellee filed a Motion to Dismiss the Appellant's Petition for Appeal, contending that the Appellant had failed to file the Petition for Appeal within the thirty-day time limitation set forth in West Virginia Code § 51–2A–11. On Febru-

---

**1.** Pursuant to an administrative order entered on September 11, 2008, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

**2.** West Virginia Code § 51–2A–10(a) provides as follows:

Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or

unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

**3.** This order denying the Motion for Reconsideration was entered more than thirty days after the motion was filed, in violation of West Virginia Code § 51–2A–10(b).

ary 23, 2007, the Circuit Court dismissed the Appellant's Petition for Appeal, ruling that a Motion for Reconsideration does not toll the running of the thirty-day time limit for appeal and that the Petition for Appeal was therefore due to the Circuit Court by September 26, 2004. Since it was not filed until March 25, 2005, seven months following entry of the final divorce order and Motion for Reconsideration, the Circuit Court ruled that it was filed in an untimely fashion and would be dismissed. The Appellant appeals that determination to this Court, contending that her Motion for Reconsideration tolled the running of the thirty-day statutory appeal period.

## II. Standard of Review

■ The standard of review applicable to findings of a circuit court has been explained as follows in syllabus point two of *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997):

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*See also Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995).

■ On the specific issue of the circuit court's application of the time limitations for appeal, this Court applies a *de novo* standard of review, in accord with syllabus point one of *Chrystal R.M. v. Charlie A.L.*, 194 W.Va.

138, 459 S.E.2d 415 (1995), providing as follows: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." *See also* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

With these standards of review as guidance, we consider the substance of the Appellant's argument.

## III. Discussion

■ Rule 28(a) of the Rules of Practice and Procedure for Family Court currently provides as follows:

> *Time for petition.*—A party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office. If a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration.

During the litigation of this case in 2004, however, the final sentence was not included within the rule. Thus, the effect of a Motion for Reconsideration upon the statutory time limitation for the filing of an appeal from Family Court to Circuit Court was not clearly articulated until the implementation of the current version of Rule 28(a), and the guidance available during the 2004 litigation of this matter was limited.[4]

---

**4.** The family court system is legislatively created, as codified at West Virginia Code §§ 51–2A–1 to 23 (2001). The Unified Family Court Amendment to the West Virginia Constitution added family courts to the judicial structure through West Virginia Constitution Article 8, § 16. This amendment was proposed by House Joint Resolution 30 during the 1999 Regular Session of the 74th Legislature and was subsequently ratified by the electorate on November 7, 2000.

In pertinent part of syllabus point five of *Lindsie D.L. v. Richard W.S.*, 214 W.Va. 750, 591 S.E.2d 308 (2003), this Court observed: "The jurisdiction of family courts is limited to only those matters specifically authorized by the Leg-

islature, while circuit courts have original and general jurisdiction and other powers as set forth in Article VIII, § 6 of the Constitution of West Virginia." *See also* Syl. Pt. 2, *State ex rel. Silver v. Wilkes*, 213 W.Va. 692, 584 S.E.2d 548 (2003) (" 'A family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter forty-eight [§§ 48–1–101 et seq.] of this code.' W.Va.Code § 51–2A–2(d) (2001), in part.").

West Virginia Code § 51–2A–8(a) (2001) provides that "[p]leading, practice and procedure in matters before a family court judge are governed

Although no specific guidance was provided by the Rules of Practice and Procedure for Family Court during litigation of this matter, the effect of a Motion for Reconsideration had been extensively evaluated within the framework of general civil litigation. In that context, the issue of tolling of an appeal period by the filing of a Motion for Reconsideration had been addressed in terms of the distinction between Rule 59(e) and Rule 60(b) [5] of the West Virginia Rules of Civil Procedure. In *Law v. Monongahela Power Co.*, 210 W.Va. 549, 558 S.E.2d 349 (2001), this Court recognized that a determination regarding the tolling effect is "dependent upon resolution of the issue of whether the ... 'Motion to Reconsider and/or Clarify' is deemed a Rule 60(b) motion or a Rule 59(e) motion." 210 W.Va. at 554, 558 S.E.2d at 354 (footnote omitted). This Court had explained in *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), that "a motion made pursuant to Rule 60 does not toll the running of the appeal time...." 157 W.Va. at 783, 204

S.E.2d at 88. However, the filing of a Rule 59(e) motion does "suspend the running of the time for appeal, and that time does not begin to run until the entry of an order deciding the issues raised by the motion." *Riffe v. Armstrong*, 197 W.Va. 626, 636, 477 S.E.2d 535, 545 (1996).

The pivotal issue of the timing of the filing of the Motion for Reconsideration was succinctly explained in syllabus point two of *Powderidge Unit Owners Association v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996), as follows:

When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the mo-

---

by rules of practice and procedure for family law promulgated by the Supreme Court of Appeals." In conjunction with the legislative establishment of the family court system, this Court, effective September 27, 2000, replaced the West Virginia Rules of Practice and Procedure for Family Law with the West Virginia Rules of Practice and Procedure for Family Court. *See Hickman v. Hickman*, 210 W.Va. 608, 611 n. 7, 558 S.E.2d 607, 610 n. 7 (2001). Specifically, Rule 28 was adopted November 27, 2001, effective January 1, 2002. The amended version of Rule 28, adding the language applicable to this issue regarding a motion for reconsideration, was effective December 1, 2005.

Several legislative requirements are reiterated within the Rules of Practice and Procedure for Family Court. For example, both West Virginia Code § 51–2A–12 (2001) (Repl.Vol.2008) and Rule 27 of the Rules of Practice and Procedure for Family Court define the procedure for requesting a stay of a family court order. Similarly, both West Virginia Code § 51–2A–11(a) (2001) (Repl.Vol.2008) and Rule 28 set forth the procedure for filing a appeal from a family court order. *See also, Deitz v. Deitz*, 222 W.Va. 46, 659 S.E.2d 331, 341 (2008).

While the issue does not arise in the present case, this Court has explicitly stated that court rules promulgated under statutory authority prevail if a conflict should arise between the rules and the legislative provisions involving court procedures. *See Games–Neely ex rel. West Virginia State Police v. Real Property*, 211 W.Va. 236, 244, 565 S.E.2d 358, 366 (2002).

5. Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) [m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief[.]

Rule 60(b) further specifies that "[a] motion under this subdivision (b) *does not affect the finality of a judgment or suspend its operation.*" (Emphasis provided.)

Rule 59(e) of the West Virginia Rules of Civil Procedure provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

Rule 72 of the West Virginia Rules of Civil Procedure, entitled "Running of time for appeal," provides as follows:

The full time for filing a petition for appeal commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion were granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or granting or denying a motion for a new trial under Rule 59.

tion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b).

Similarly, in *Savage v. Booth* 196 W.Va. 65, 468 S.E.2d 318 (1996), this Court emphasized that the West Virginia Rules of Civil Procedure do not explicitly recognize a "motion for reconsideration." Despite the nomenclature, this Court explained that it will "consider a motion for reconsideration in one of two ways." 196 W.Va. at 68, 468 S.E.2d at 321.

> If a motion is filed within ten days of judgment, the motion is treated as a motion to alter or amend judgment under Rule 59(e). Alternatively, if it is filed more than ten days after entry of judgment, we look to Rule 60(b) to provide the basis for analysis of the review.

*Id.* The *Savage* Court further explained that "Rule 59(e) and Rule 60 provide for different motions directed to similar ends." *Id.* at 68 n. 5, 468 S.E.2d at 321 n. 5. The Court's enunciated rule "makes decisions easier for both judges and litigants and, because Rule 59(e) tolls the time period for appeal, which Rule 60(b) does not, it makes it easier for an appellate court to be sure when it has jurisdiction over an appeal." *Id.*

■ This Court also articulated the distinction between motions filed under Rule 59(e) and Rule 60(b) in syllabus point three of *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992), as follows: "A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled and does not toll the four month appeal period for appeal to this court." *See also Rose v. Thomas Memorial Hosp. Found., Inc.*, 208 W.Va. 406, 541 S.E.2d 1 (2000); *State ex rel. McDowell County Sheriff's Dep't v. Stephens*, 192 W.Va. 341, 452 S.E.2d 432 (1994). The *Lieving* Court also specifically addressed this Court's

prior generalized statements regarding the effect of a reconsideration motion upon the period for appeal. For instance, the *Lieving* Court noted that this Court had included *obiter dicta* in *Rowan v. McKnight*, 184 W.Va. 763, 403 S.E.2d 780 (1991), indicating that motions to reconsider do not ordinarily toll the period for appeal. The *Lieving* Court explained that the *Rowan* "decision was rendered on the basis of a Rule 60(b) motion which *does not* toll the time for appeal." 188 W.Va. at 201, 423 S.E.2d at 604. The *Lieving* Court then reiterated the distinction between the tolling effects of Rule 59(e) and Rule 60(b) motions and stated that "[a]ny inference that *Rowan v. McKnight* somehow alters the standard interpretation of Rule 59(e) is incorrect." *Id.*

Within the more narrow realm of Family Court practice, this Court's vague statements tangentially addressing the tolling effects of a motion for reconsideration have not been particularly helpful. In *Ray v. Ray*, 216 W.Va. 11, 602 S.E.2d 454 (2004), for instance, this Court explained:

> Moreover, as a result of the enactment of W.Va.Code § 51–2A–10(a), Rule 60(b) is no longer the appropriate procedure for challenging a final domestic relations order prior to the expiration of the appeal period. This is because the grounds for relief under W.Va.Code § 51–2A–10(a) are almost identical to those contained in Rule 60(b).

216 W.Va. at 15 n. 13, 602 S.E.2d at 458 n. 13. Citing the *Rowan* case, the impact of which had been explicitly limited by this Court in *Lieving*, the *Ray* Court commented that the "thirty day window for ruling on a motion for reconsideration is mandatory because a 'motion for reconsideration does not toll the time for appeal.' " *Ray*, 216 W.Va. at 15 n. 16, 602 S.E.2d at 458 n. 16 (quoting *Rowan*, 184 W.Va. at 764 n. 2, 403 S.E.2d at 781 n. 2.) [6]

---

**6.** The similarity between West Virginia Code § 51–2A–10, applicable to Family Courts, and Rule 60(b) was also acknowledged in *Fernandez v. Fernandez*, 218 W.Va. 340, 624 S.E.2d 777 (2005). In *Fernandez*, this Court observed the provision of Rule 25 of the Rules of Practice and Procedure for Family Court which states: "Any party may file a motion for reconsideration of a family court order as provided in *W.Va.Code*, 51–

2A–10." The *Fernandez* Court, referencing *Ray*, explained as follows:

> In view of the comparable language found in Rule 60(b) and of the standard of review applicable thereto, this Court, for purposes of convenience, will adopt the appellant's designation of the motion filed before the Family Court as a request for relief under Rule 60(b).

In this Court's recent decision in *Crea v. Crea*, 222 W.Va. 388, 664 S.E.2d 729 (2008), this Court observed that the time period established for filing a petition for appeal from a Family Court order is necessarily flexible. Syllabus point three of *Crea* provides: "Rule 28(a) of the West Virginia Rules of Practice and Procedure for Family Court is not jurisdictional and may be extended for good cause. To the extent that *Washington v. Washington*, 221 W.Va. 224, 654 S.E.2d 110 (2007), is inconsistent with this holding, it is overruled." This Court explained that "we must point out that our Family Court Rules are not legislatively prescribed rules...." *Id.* at 393, 664 S.E.2d at 734. This Court further stated as follows in *Crea*:

> We recognize that there will be rare circumstances wherein a party may not meet a strict deadline as prescribed by a judicially-created rule, but that good cause can be established by the party for such a violation. In such a circumstance, the failure to strictly comply with the time limitation set forth in Rule 28(a) should not result in a jurisdictional ban prohibiting review by an appellate court. We believe that when a party establishes good cause for failure to comply with the thirty-day appeal deadline, an extension of time may be granted.

*Id.* at 393, 664 S.E.2d at 734.

## IV. Conclusion

The Appellant argues that her Motion for Reconsideration, filed prior to the addition to Rule 28(a) which succinctly clarified the issue of the tolling of the appeal time, should be treated as a Motion for Amendment of Judgment under Rule 59 of the West Virginia Rules of Civil Procedure. She contends that the motion was filed immediately upon the Family Court's entry of the divorce order and that such motion should serve to toll the time period within which to file the appeal. The Appellant further emphasizes that a Petition for Appeal to Circuit Court would have been premature while the Motion for Reconsideration was pending in Family Court. As this Court expressed in syllabus point seven

of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995): "A motion for reconsideration filed within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. When the time for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion."

Upon thorough review by this Court, we conclude that, despite the absence of specific guidance in the Rules of Practice and Procedure for Family Court at the time of this litigation, the Appellant's Motion for Reconsideration should be treated as a Rule 59 motion and should serve to toll the running of the thirty-day appeal period. We consequently reverse the decision of the Circuit Court of Logan County and remand this matter for full consideration of the Appellant's Petition for Appeal.

Reversed and Remanded with Directions.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

---

*See, Ray v. Ray*, 216 W.Va. 11, 602 S.E.2d 454 (2004), indicating, however, that, inasmuch as *W.Va.Code*, 51–2A–10 (2001), specifically ap-

plies to Family Courts, its use is more appropriate than Rule 60(b).

218 W.Va. at 343 n. 6, 624 S.E.2d at 780 n. 6.