# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0163** (Jefferson County 15-M-AP-7)

**Todd Kidwell,**
**Defendant Below, Petitioner**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Todd Kidwell, by counsel James T. Kratovil, appeals the Circuit Court of Jefferson County's January 20, 2016, order denying his petition for appeal of a conviction and sentence from the Magistrate Court of Jefferson County as untimely filed. The State of West Virginia, by counsel Brandon C.H. Sims, filed a response in support of the circuit court's order and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his appeal as untimely.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the pertinent legal authority, the briefs, and the record presented, this Court finds that the circuit court order erred in denying petitioner's petition for appeal as untimely. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

In March of 2015, petitioner was charged in magistrate court with one count of domestic battery related to allegations that he "head butted" his girlfriend causing swelling on her eye, cheek, and forehead; that he spit on her; that he forcibly held her in a "bear hug" for several minutes causing redness on her arms, neck, and face; that he "trapped" her in a bathroom; and that he grabbed and pushed her.

On September 17, 2015, the magistrate court held a bench trial. At the conclusion of that trial, petitioner was found guilty as charged. On that date, the magistrate court sentenced petitioner to thirty days in jail; imposed a fine in the amount of $200; and imposed court costs in the amount of $165.25. On September 21, 2015, petitioner filed a motion for a new trial. Petitioner's motion simply stated that he "would represent that he was improperly convicted." Petitioner did not cite any statute, rule, or case law in support of his motion.[1]

---

[1]The parties agree that petitioner's motion was filed on September 21, 2015. However, the circuit court later found that petitioner filed this motion on October 13, 2015. To explain this

(continued . . . )

1

On November 17, 2015, the magistrate court held a hearing on petitioner's motion for a new trial. While there is no transcript of the magistrate court hearing, respondent states without dispute that the magistrate court orally denied the motion at that hearing. By order entered on November 20, 2015, the magistrate court denied petitioner's motion for a new trial.

On December 9 or 10, 2015, petitioner filed an appeal with the circuit court of the magistrate court's denial of his motion for a new trial.[2] By order entered on January 20, 2016, the circuit court denied petitioner's appeal as untimely. In that order, the circuit court made the following findings: that petitioner was convicted and sentenced in magistrate court on September 17, 2015; that petitioner requested a motion for a new trial in magistrate court on October 13, 2015; that West Virginia Code § 50-5-13(a) requires an appeal from magistrate court to be filed within twenty days of a conviction; that the magistrate court denied petitioner's motion for a new trial on November 20, 2015; that under *Rowan v. McKnight*, 184 W.Va. 763, 403 S.E.2d 780 (1991), a motion for a new trial does not toll an appeal period; and that Rule 33 of the West Virginia Rules of Criminal Procedure provides that a motion for a new trial must be filed within ten days of the verdict unless based on newly discovered evidence. Based on these findings, the circuit court concluded that petitioner (1) failed to file his appeal within twenty days of his conviction, and (2) failed to request a new trial within twenty days of his conviction, but even if he had, a motion for a new trial would not have tolled his twenty-day appeal period from the date of conviction. It is from this order that petitioner appeals.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, the parties' arguments will be considered.

On appeal, petitioner argues that the circuit court erred in denying his appeal as untimely. Petitioner claims that he timely filed his appeal to circuit court following the magistrate court's denial of his motion for a new trial, pursuant to Rules 20(a) and 20.1 (titled "Appeal to Circuit Court") of the West Virginia Rules of Criminal Procedure for Magistrate Courts. Rule 20(a)

conflict, petitioner argues that the circuit court misapplied the date of entry of the magistrate court's scheduling order as the date petitioner filed his motion.

[2]The parties dispute the filing date of the appeal to circuit court (whether it was filed on December 9 or 10, 2015). We find the dispute irrelevant to the issues on appeal. Neither date would alter the Court's analysis of whether the filing date fell within the applicable timeframe because both dates fall within the timeframe at issue. The record on appeal does not confirm or deny the correct date of that filing.

provides that "[w]ithin 20 days after a verdict or a finding of guilty, the defendant may file a motion requesting that the judgment be set aside and a new trial held." Rule 20.1 provides, in relevant part, as follows "any person convicted of a misdemeanor in a magistrate court may appeal such conviction to the circuit court as a matter of right. Notice of appeal shall be filed in magistrate court: . . . (1) Within 20 days after the magistrate has denied a motion for a new trial."

In response to petitioner's argument, the State admits that the circuit court's January 20, 2016, order incorrectly found that petitioner's motion for a new trial was untimely filed on September 21, 2015—four days after his conviction. However, the State asserts that petitioner's appeal was nonetheless untimely because his appeal period began to run when the magistrate court orally denied his motion on November 17, 2015—not when the written order was entered on November 20, 2015. We note that the State provides no legal authority to support its argument that a written order reflecting a prior oral ruling is not appealable or does not act to, at a minimum, renew the appeal period if previously triggered. Based on our thorough review of the issue, we find that the magistrate court's written order reflecting its prior oral ruling denying petitioner's motion for a new trial constitutes a final, appealable order in this case. Therefore, we find that petitioner's time period to file an appeal of the order denying his motion for a new trial began to run on November 20, 2015.

As relayed above, on appeal from the magistrate court, the circuit court found that petitioner failed to timely appeal his conviction within twenty days thereof. Having considered the record, the parties' arguments, and the pertinent legal authority, we find that the circuit court failed to apply Rule 20.1 and was misguided in its reliance on *Rowan*. In footnote 2 of *Rowan*, while discussing "motions for reconsideration" and civil procedure, this Court "caution[ed] attorneys that a motion for reconsideration does not toll the time for appeal." 184 W.Va. at 764 n.2, 403 S.E.2d at 781 n.2. We find that our dictum in footnote 2 of *Rowan* has no application to the instant case. *Rowan* was a civil case regarding the application of res judicata under limited facts. It did not set forth any holding on motions for new trials and appeals from magistrate court to circuit court in criminal proceedings.

Here, petitioner filed his appeal of the November 20, 2015, order denying his motion for a new trial on December 9 or 10, 2015. Because petitioner's appeal was filed within the twenty-day appeal period provided by Rule 20.1(a)(3), petitioner's appeal was timely filed.[3] As such, we find that the circuit court erred in denying petitioner's appeal as untimely.

For the foregoing reasons, the circuit court's January 20, 2016, order is hereby reversed and the matter remanded for further proceedings consistent with this decision.

---

[3]We note that to the extent there is any conflict between the procedures set forth in West Virginia Code § 50-5-13(a) and Rule 20.1, the procedure set forth in Rule 20.1 controls. *See State v. Davis*, 178 W.Va. 87, 90, 357 S.E.2d 769, 772 (1987) (holding that "rules promulgated by this Court have the force and effect of law and will supersede procedural statutes that conflict with them"), overruled on other grounds, *State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Reversed and remanded.

**ISSUED:** June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker