# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brett Cabell, Randall Blevins,
Harold Facemyer, Donald Underwood,
and Larry Vasarhelyi,
Petitioners Below, Petitioners**

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0527** (Kanawha County 11-AA-128)

**West Virginia Division of Highways
and West Virginia Division of Personnel,
Respondents Below, Respondents**


## MEMORANDUM DECISION

Petitioners Brett Cabell, Randall Blevins, Harold Facemyer, Donald Underwood, and Larry Vasarhelyi, by counsel Richard A. Monahan, appeal the order of the Circuit Court of Kanawha County, entered on May 3, 2016, denying their "Petition for Rehearing and Reconsideration" of the circuit court's final order that was entered on July 23, 2014. Respondent West Virginia Division of Highways appears by counsel Chad M. Cardinal. Respondent West Virginia Division of Personnel appears by counsel Karen O'Sullivan Thornton.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are former investigators for the West Virginia Division of Highways ("DOH") Legal Division who filed grievances with the West Virginia Public Employees Grievance Board ("the grievance board") in 2006, asserting that they were misclassified under the designation "Investigator 2" when each should have been classified as "Investigator 3," and that they were paid less than several "Investigator 1" employees were paid. Petitioners proceeded through the grievance process to a hearing before the grievance board's administrative law judge ("ALJ"), who denied their grievances. They appealed the denial to the Circuit Court of Kanawha County.

The circuit court entered a "final order" on July 23, 2014, affirming the grievance board decision. Relevant to arguments later made by petitioners and set forth below, the circuit court noted that the West Virginia Division of Personnel ("DOP") considers the "predominant duties" of an employee when classifying positions, and that this "'predominant duty rule' is a professional standard utilized in the personnel industry, when classifying positions." It explained that the "predominant duties are deemed to be 'class-controlling'" by the DOP, and it further

1

noted that the DOH director of human resources, as well as the former manager and current assistant director of the DOP classification and compensation section, all considered petitioners' predominant duties and found that they were appropriately classified. The circuit court also explained that "[c]lassification determinations are not made based upon comparison of the duties of a grievant to those of other employees in the classification sought. . . ."

Petitioners subsequently filed their "Petition for Rehearing and Reconsideration," without citing the particular Rule of Civil Procedure under which they sought relief, on August 14, 2014. They argued that the circuit court had failed to address three issues that petitioners raised in their administrative appeal; specifically, whether the ALJ appropriately quashed petitioners' subpoena of an investigator who worked for an agency other than theirs; whether the ALJ and the grievance board appropriately applied the predominant duty rule in analyzing petitioners' employment classifications; and whether the administrative law judge correctly weighed the evidence presented at petitioners' hearing. The circuit court denied petitioners' motion by order entered on May 3, 2016. Petitioners filed a notice of appeal with this Court the following month, and the Clerk of the Court entered a scheduling order confirming that the notice of appeal was presented from the May 3, 2016, order.

On appeal, petitioners assert six assignments of error related to the July 23, 2014, final order of the circuit court, which we summarize as follows: (1) the circuit court erred in affirming the grievance board decision insofar as it quashed the subpoena of a non-DOH investigator; (2) the circuit court erred in affirming the grievance board's use of the predominant duty rule; (3) the circuit court erred in affirming the grievance board's weighing of evidence and credibility determinations; (4) the circuit court erred in affirming the grievance board's finding that petitioners are properly classified because that evidence is not supported by the record; (5) the circuit court erred in affirming the grievance board's decision that petitioners were not entitled to a reallocation to the Investigator 3 classification; and (6) the circuit court erred in affirming the grievance board decision insofar as it found that petitioners suffered no discrimination. Petitioners cite the ALJ's "inappropriate degree of deference" to their witnesses as problematic relative to the final four of these assignments of error.

Petitioners offer a multitude of potential standards of review of the circuit court order, but essentially suggest that we apply the same standard that the circuit court applied in its July 23, 2014, order. *See* Syl. Pt. 2, *Martin v. Barbour Cty. Bd. of Educ.*, 228 W. Va. 238, 239, 719 S.E.2d 406, 407 (2011)("'Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.' Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).")

In this matter, however, we will not disturb the circuit court's ruling unless petitioners demonstrate an abuse of discretion. Syl. Pt. 4, *Rose v. Thomas Mem'l Hosp. Found., Inc.*, 208 W. Va. 406, 408, 541 S.E.2d 1, 3 (2000). This is because we are limited to consideration of the circuit court's denial of petitioners' "motion for rehearing and reconsideration," which was filed

2

on August 14, 2014, more than ten days after entry of the circuit court's final order on July 23, 2014. We have explained:

> "When a party filing a motion for reconsideration does not indicate under which West Virginia Rule of Civil Procedure it is filing the motion, the motion will be considered to be either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment order. If the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)." Syl. Pt. 2, *Powderidge Unit Owners Association v. Highland Properties, Ltd.*, 196 W.Va. 692, 474 S.E.2d 872 (1996).

Syl. Pt. 4, *Burton v. Burton*, 223 W. Va. 191, 192, 672 S.E.2d 327, 328 (2008). That explanation continued:

> "A motion which would otherwise qualify as a Rule 59(e) motion that is not filed and served within ten days of the entry of judgment is a Rule 60(b) motion regardless of how styled and does not toll the four month appeal period for appeal to this court." Syl. Pt. 3, *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992).

Syl. Pt. 5, *Burton v. Burton*, 223 W. Va. 191, 192, 672 S.E.2d 327, 328 (2008).

Important to our review, "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.' Syl. Pt. 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 2, *Rose,* 208 W.Va. at 407, 541 S.E.2d at 2. Petitioners' assignments of error all address the substance supporting the circuit court's final order, and they raise no particular issue concerning the denial of the motion for relief from judgment. Moreover, we discern no apparent defect in the circuit court's denial of the motion for relief from judgment that suggests the court misapplied Rule 60(b) of the West Virginia Rules of Civil Procedure.[1] Petitioners have thus failed to show that the circuit court abused its discretion.

---

[1] That rule provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

(continued . . .)

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISQUALIFIED:**

Justice Margaret L. Workman

---

equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .