# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steven M. Spiker and Beverly J. Spiker,**
**Plaintiffs Below, Petitioners**

**vs.)  No. 19-1021** (Wood County 15-C-431)

**Specialized Loan Servicing, LLC and**
**Deutsche Bank National Trust Co.,**
**Defendants Below, Respondents**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Steven M. Spiker and Beverly J. Spiker ("the Spikers"), by counsel Bren J. Pomponio, appeal two orders of the Circuit Court of Wood County. The first, entered on June 11, 2019, ordered judicial foreclosure of petitioners' home. The second, entered on October 9, 2019, struck the Spikers's motion to alter or amend judgment as untimely filed. Respondents Specialized Loan Servicing, LLC ("Specialized") and Deutsche Bank National Trust Company ("Deutsche Bank") appear by counsel Kendra L. Huff and Jennifer W. Winkler.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2002, the Spikers obtained a loan from IndyMac Bank ("IndyMac") in the amount of $112,000 (8.75% APR), secured by a deed of trust on their home. The loan was brokered by First Republic Mortgage Corporation d/b/a First Security ("First Republic"). IndyMac assigned the loan to Deutsche Bank on June 12, 2002, and the Spikers paid Deutsche Bank $126,878.40 in principal and interest over approximately twelve years, until they ceased making payments sometime prior to August of 2014. At that time Specialized, Deutsche Bank's agent, notified the Spikers of the intent to accelerate the loan.

The Spikers filed a complaint in the Circuit Court of Wood County in August of 2015, naming IndyMac, Deutsche Bank, Specialized, First Republic, and two individuals as defendants. First Republic and IndyMac were defunct by the time the case was tried and did not appear for trial. Of the named defendants, only Deutsche Bank and Specialized remain parties on appeal.

1

In their complaint, the Spikers asserted that they were fraudulently induced into the loan agreement, and that Specialized engaged in abusive debt collection. They set forth several claims consistent with these allegations. After a three-day trial conducted in September of 2017, the Spikers obtained a jury verdict that First Republic engaged in fraud in securing the loan agreement, but the Spikers were awarded no damages. The jury was also asked to determine whether the Spikers had proven fraudulent inducement as an affirmative defense to Deutsche Bank's and Specialized's counterclaim for breach of contract. The jury found that the affirmative defense was proven, but the jury verdict did not specify the defendant that fraudulently induced the contract. The jury did not attribute actionable conduct to Deutsche Bank or Specialized. The circuit court entered the verdict form and judgment order confirming the jury determination on September 5, 2018. However, it reserved the Spikers's claim for unconscionable inducement and certain of Deutsche Bank's and Specialized's counterclaims (including petitions for declaratory judgment and judicial foreclosure) for judicial determination.

The circuit court addressed the outstanding claims in its "Order Regarding Post-Trial Motions" entered on June 11, 2019. Pertinent to this appeal, the circuit court found that the Spikers proved their claim for unconscionable inducement based on the jury determination that the Spikers had proven fraudulent inducement as an affirmative defense. Nevertheless, the circuit court explained that Deutsche Bank and Specialized were "absolved of any wrongdoing" for unconscionable conduct because the jury's verdict of fraud was specific to First Republic. In addition, the circuit court found that the Spikers defaulted on the mortgage loan for which Deutsche Bank held a valid and enforceable lien. Consequently, the court awarded declaratory judgment and foreclosure to Deutsche Bank.

Around July 3, 2019, the Spikers filed a motion for an extension of time to file a motion for relief pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. As the ground for the extension request, the Spikers stated that they did not receive the court's post-trial motions order until July 1, 2019. On or around August 20, 2019, before the court addressed the motion for extension of time, petitioners filed a motion to alter or amend judgment, arguing that the circuit court's order did not account for the jury determination, with respect to the affirmative defense that they were fraudulently induced into entering the loan agreement. Deutsche Bank and Specialized filed a motion asking the circuit court to strike the Spikers's motion to alter or amend the judgment as untimely filed, and the circuit court granted the motion.

On appeal, the Spikers assert two assignments of error. They argue, first, that the circuit court erred in refusing to consider their motion to alter or amend judgment because their counsel did not receive the circuit court's "Order Regarding Post-Trial Motions" within the time period that would have allowed them to seek Rule 59(e) relief. They argue, second, that the circuit court erred in enforcing the loan contract and awarding relief on Deutsche Bank's counterclaims despite the jury determination that the Spikers were fraudulently induced into entering the contract.

The Spikers filed with the circuit court an untimely motion to alter or amend judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. The rule itself provides that such a motion must be filed within ten days of entry of the court's judgment. Though the Spikers argue that more than ten days had elapsed from the date of the entry of judgment before they

2

received the order, there is no question that they allowed substantially more time to elapse from the time the judgment was in their hands until they filed their motion for relief. The motion was not filed within the time frame necessary for the circuit court to consider it under Rule 59(e). It was within the court's power, however, to consider the motion under Rule 60(b). In fact, though the circuit court styled its order addressing the Spikers's motion to alter or amend judgment as an order granting the defendants' motion to strike, the circuit court made findings of fact consistent with a substantive denial of a Rule 60(b) motion. We therefore review the circuit court's effective denial of the Spikers's motion for abuse of discretion, mindful that "[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974); *see also* Syl. Pt. 5, *id*. ("A motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P. is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.").

Based on the late filing of the Spikers's motion, the court could have granted relief on any of the following grounds:

> (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

W. Va. R. Civ. P. 60(b). The basis of the Spikers's motion was that the circuit court "failed to give effect to the jury finding that [they] established their fraudulent inducement contract, rendering the contract voidable." However, the circuit court's June 11, 2019, order squarely addressed this point in explaining that the jury found that First Republic committed fraud and that Deutsche Bank and Specialized were "absolved of any wrongdoing." Because the Spikers raised an issue that the circuit court adequately addressed, their motion to alter or amend the judgment was little "more than a request that the . . . court change its mind," and thus insufficient to merit Rule 60(b) relief. *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd*., 196 W. Va. 692, 705, 474 S.E.2d 872, 885 (1996).

As for the Spikers's second assignment of error, which attacks a ruling made by the circuit court in its June 11, 2019, order, we decline to address it. The Spikers filed their notice of appeal with this Court on November 7, 2019. In doing so, they failed to comply with our Rules of Appellate Procedure as well as the applicable statutory procedure. Nearly five months passed from the date of the circuit court's final appealable order and the Spikers's filing of the notice of appeal with this Court, and we conclude that this Court does not have jurisdiction to consider the appeal

presented to us.[1] *See W. Va. Dept. of Energy v. Hobet Mining and Constr. Co.*, 178 W. Va. 262, 264, 358 S.E.2d 823, 825 (1987) (finding that "[the] failure to file a timely appeal presents a jurisdictional infirmity precluding the court from accepting the appeal"). As we have determined that the Spikers's motion to alter or amend judgment was, at best, a Rule 60(b) motion for relief from judgment, the filing of that motion did not toll the time in which the Spikers were required to file their notice of appeal. *See* Syl. Pt. 5, *Burton v. Burton*, 223 W. Va. 191, 672 S.E.2d 327 (2008). Their appeal of any substantive ruling in the June 11, 2019, order is, consequently, untimely.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman

---

[1]West Virginia Code § 58-5-4 provides a four-month filing period for an appeal from any judgment.

4