701 S.E.2d 106

**Shelia D. ALLEN Plaintiff Below, Appellee,**

v.

**Michael L. ALLEN, Defendant Below, Appellant.**

No. 34628.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 2009.

Decided Nov. 16, 2009.

See also, 212 W.Va. 283, 569 S.E.2d 804.

Shelia D. Elias, Letart, WV, Pro se.

Michael L. Allen, Spencer, WV, Pro se.

KETCHUM, Justice:

In the majority of civil court cases, litigation is supposed to secure a speedy and inexpensive determination of a disputed issue.[1] Unfortunately, in domestic relations cases, that is not always the guiding rule for parents who are asked to pay support for the benefit of their children.

The presence of two parties before a family court judge is easily viewed as a tacit admission of an irreparable relationship. At the conclusion of most family court cases, in the absence of a child, the parties go their separate ways. But in cases involving child parenting and support, the child's parents are compelled to continue to interact for many years until the child reaches the age of majority. Too often, the child's interests become a batted shuttlecock as one parent seeks to gain some immeasurable physical, financial or psychological advantage over the other.

For that reason, the jurisdiction of a family court in matters of child parenting and support is *sui generis*, wholly unique in character when compared to other types of actions.[2] Family courts are asked to provide a just, speedy and inexpensive determination of child support questions, and yet constantly inquire, tweak and adjust child support obligations for many years so that a child can share in his or her parents' ever-changing standard of living.

---

1. *See W.Va. Rules of Civil Procedure* Rule 1 [1998].

2. *See also, Wampler Foods, Inc. v. Workers' Compensation Div.*, 216 W.Va. 129, 142, 602 S.E.2d 805, 818 (2004) (workers' compensation law "is a *sui generis,* jurisprudential hodge-podge that stands alone from all other areas of the law, causing decisions rendered in the workers' compensation realm to be almost wholly unusable in any other area of the law, and vice-versa.").

The instant appeal from the Family Court and the Circuit Court of Roane County asks that we delve into the parameters of the jurisdiction of the family courts. Specifically, we are asked to decide whether a family court loses the authority to consider questions of child support when an issue in a domestic relations case has been appealed to a higher court.

As set forth below, we find that a family court has continuing and exclusive jurisdiction in a domestic relations case to enter, modify or reconsider a child support order, notwithstanding the fact that another order in the same case has been appealed to a higher court.

## I.

### Facts and Background

As this Court discussed in a prior opinion,[3] the *pro se* parties—appellant Michael L. Allen and appellee Shelia D. Allen (now Elias)—were divorced on August 25, 1998. They are the parents of two children, and the record supports the family court judge's statement that "these parties are involved in one of the most bitter and highest of conflicts that the Court has ever witnessed" involving "constant fighting and bickering over the very last penny and minute, and every detail that they can think of to fight over." The family court judge expressed concern that the parties felt "the need to control one another through the use of the children and the court system," so much so that the "battle rises close to the level of child abuse." [4]

To understand the subject-matter jurisdiction issue currently pending before the Court, it is helpful to understand the procedural quagmire that the parties were trapped in from 2002 to 2006.

On November 6, 2002, the family court entered an order modifying the parties' child support obligations. The family court found that Mr. Allen was unemployed but making "good faith efforts to become employed," and attributed minimum wage income to Mr. Allen. Mr. Allen was required to pay Ms. Elias $100.48 per month as support for the children.

On December 9, 2002, Ms. Elias (through her lawyer) filed a motion for reconsideration with the family court contending that the family court had not considered Mr. Allen's substantial variable income in the years preceding the family court's order. An order on the motion was not filed by the family court until February 1, 2005. In that order, the family court concluded that Mr. Allen had failed to properly disclose his variable income over the years, and found that his child support obligation should be recalculated back to the year 2000. The family court ordered the parties to appear at a hearing on February 9, 2005 to present evidence on the accurate incomes of the parties dating back to the year 2000.

Mr. Allen (acting *pro se*) immediately appealed the family court's February 1, 2005 order to the circuit court. In an order dated November 18, 2005, the circuit court reversed the family court's order. The circuit court ruled that a motion for reconsideration of a family court order does not toll the appeal period, and ruled that a family court judge must statutorily rule on a motion to reconsider within 30 days.[5] Because the family court in this case did not rule for over two years, the circuit court decided that the family court did not have jurisdiction to rule on Ms. Elias's motion for reconsideration, and thereby prohibited the family court from altering Mr. Allen's November 2002 child support obligation.

Ms. Elias then filed two pleadings which are relevant to the instant case. First, on February 9, 2006, Ms. Elias filed a petition

---

**3.** *Allen v. Allen*, 212 W.Va. 283, 569 S.E.2d 804 (2002) (*per curiam*).

**4.** The appellee expressed during oral argument that, because of the appellant's litigious nature, her highest hope is that this Court will issue an order that the appellant won't be able to appeal.

**5.** The circuit court's decision was based exclusively on an interpretation of the statute pertaining to motions for reconsideration, *W.Va.Code*, 51–2A–10, that was contained in footnote 16 of *Ray v. Ray*, 216 W.Va. 11, 15, 602 S.E.2d 454, 458 (2004). As we discuss later in this opinion, we overrule *Ray* because it is contrary to our child support statutes and our *Rules of Practice and Procedure for Family Courts*.

for appeal of the circuit court's order with this Court. Second, on February 28, 2006, Ms. Elias filed a petition to modify the parties' child support obligations with the family court. The petition to modify was served on Mr. Allen on March 6, 2006.

On June 28, 2006, this Court unanimously refused Ms. Elias's petition for appeal. This Court's order was filed in the Circuit Court of Roane County on July 7, 2006.

Subsequently, a hearing was conducted before the family court, and on March 9, 2007, an order was filed modifying the parties' child support obligations. The family court found that Mr. Allen was self-employed and had $4,469.03 per month in income. The family court increased his support obligation to $630.49 per month, and ruled that because Mr. Allen was served with the modification petition in March 2006, his support obligation would take effect on April 1, 2006.

Mr. Allen immediately appealed the family court's order to the circuit court, arguing that because the case was on appeal to the Supreme Court of Appeals when Ms. Elias filed her petition to modify, the family court was without jurisdiction to ever act on the petition. Mr. Allen argued that the family court had only one option: to dismiss the modification petition.

In an order entered March 13, 2008, the circuit court reversed, in part, the family court's order. The circuit court partially agreed with Mr. Allen that the family court had no subject matter jurisdiction while the parties' domestic relations case was pending before the Supreme Court of Appeals. However, once this Court refused Ms. Elias's petition for appeal, the circuit court found that the family court's subject matter jurisdiction was once again "restored" and "acquired." The circuit court therefore "reverse[d] the Family Court's order to the extent that it is retroactive to a date prior to July 7, 2006." The circuit court otherwise affirmed the child support order.

Mr. Allen now appeals the circuit court's March 13, 2008 order.

## II.

### Standard of Review

■ Our standard of review was succinctly stated in the Syllabus of *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004):

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

## III.

### Discussion

■ The primary argument made by the appellant, Mr. Allen, concerns the parameters of the subject-matter jurisdiction of the family courts. As we have previously stated, the family courts are courts of limited jurisdiction, and have only those powers specifically enumerated by the Legislature. *See,* Syllabus Point 5, in part, *Lindsie D.L. v. Richard W.S.,* 214 W.Va. 750, 591 S.E.2d 308 (2003) ("The jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature, while circuit courts have original and general jurisdiction and other powers as set forth in Article VIII, § 6 of the Constitution of West Virginia."); Syllabus Point 4, *State ex rel. Silver v. Wilkes,* 213 W.Va. 692, 584 S.E.2d 548 (2003) ("Pursuant to Article VIII, Sections 6 and 16 of the West Virginia Constitution, W.Va.Code § 51-2-2 (1978), and the Family Court statutes, W.Va.Code §§ 51-2A-1 to 23 (2001), family courts are courts of limited jurisdiction and are inferior to circuit courts. Family courts are, therefore, subject to both the appellate jurisdiction and the original jurisdiction of the circuit courts in this State.").

■ Mr. Allen contends that the family court had no jurisdiction to entertain the appellee's, Ms. Elias's, petition for modification of child support because, when the petition for modification was filed, this domestic relations case was already pending review before the Supreme Court of Appeals. Mr.

Allen therefore contends that the family court could do nothing on the petition except dismiss it from the docket. *See*, Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Center, Inc.*, 158 W.Va. 492, 211 S.E.2d 705 (1975) ("Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket."). In other words, Mr. Allen contends that the family court had no authority—even after this Court had refused Ms. Elias's petition for appeal—to increase his child support obligation, based solely on the date that the petition to modify was filed. Mr. Allen therefore contends that the circuit court erred in affirming, in part, the family court's child support award.

The appellant's argument appears to be founded on the presumption that a family court automatically has no jurisdiction to make any rulings in a domestic relations case while another matter in the case is pending review on appeal. We cannot, however, find any such enumerated legislative limit upon the authority of the family courts, and the appellant has directed us to no such legislative pronouncement.

The sole authority upon which the appellant bases his argument is a *per curiam* opinion, *Ray v. Ray*, 216 W.Va. 11, 602 S.E.2d 454 (2004). Unfortunately for the appellant, we have carefully examined *Ray* and find that it is written so broadly that it contravenes both our child support statutes and the *Rules of Practice and Procedure for Family Courts. See also, Burton v. Burton*, 223 W.Va. 191, 196, 672 S.E.2d 327, 332 (2008) (*per curiam*) (finding the Court's "vague statements" in *Ray* "have not been particularly helpful.").

In *Ray*, the family court entered a child support order on December 4, 2001. On January 3, 2002, Mr. Ray filed a petition to modify that support order. The child support modification statute—*W.Va.Code*, 48–11–105 [2001]—requires that the party petitioning for a modification demonstrate a "change in the circumstances of a parent." Mr. Ray, however, did not allege a new change in circumstances but instead appears to have "relitigate[d] the findings made regarding his income for periods that were determined in the December 4, 2001, order." *Ray*, 216 W.Va. at 15 n. 15, 602 S.E.2d at 458 n. 15. On these facts, we concluded in *Ray* that the family court was without authority under *W.Va.Code*, 48–11–105 to "modify" the December 4, 2001 child support order, and that Mr. Ray's proper remedy would have been to appeal the order to the circuit court and/or this Court.

The Court in *Ray* was correct to find that the child support modification process under *W.Va.Code*, 48–11–105 cannot be used to replace the appeal process, and cannot be used to relitigate the findings made in a prior support order. There are, however, two significant problems with *Ray* that we can discern.

First, the *Ray* opinion answers a jurisdictional question that was neither raised by the facts nor briefed by the parties. 216 W.Va. at 13, 602 S.E.2d at 456. The Court went beyond the specific facts of *Ray*, and concluded that:

> Absent a petition for appeal to this Court and an adverse ruling or the expiration of the appeal period, Mr. Ray could not challenge the child support order [through a petition for modification] pursuant to W.Va.Code § 48–11–105.

216 W.Va. at 14, 602 S.E.2d at 457. This conclusion is contrary to *W.Va.Code*, 48–11–105, which allows a family court to "modify a child support order, for the benefit of the child," but only if—since the last child support order was entered—"there is a substantial change in circumstances." [6] A petition to modify a past child support order under

---

6. *W.Va.Code*, 48–11–105 [2008] states:

(a) The court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in the circumstances of a parent or another proper person or persons. A motion for modification of a child support order may be brought by a custodial parent or any other lawful custodian or guardian of the child, by a parent or other person obligated to pay child support for the child or by the Bureau for Child Support Enforcement of the Department of Health and Human Resources of this state.

*W.Va.Code,* 48–11–105 is not a "challenge" to the past order; it is, instead, a request that the family court enter a new order governing the future but which reflects the current status of the parties and the children.

Second, the opinion in *Ray* incorrectly interprets another statute—*W.Va.Code,* 51–2A–10—that was also not raised by the parties. *W.Va.Code,* 51–2A–10 [7] permits a party to file a motion for reconsideration of a past child support order within "a reasonable time," but "not more than one year," after the entry of the order. The statute states that a "family court must enter an order ruling on the motion within thirty days of the date of the filing of the motion." In footnote 16, the Court in *Ray* concluded that the "thirty day window for ruling on a motion for reconsideration is mandatory because a motion for reconsideration *does not toll the time for appeal.*" *Ray,* 216 W.Va. at 15 n. 16, 602 S.E.2d at 458 n. 16 (emphasis added, quotations and citations omitted). The Court went on to find that because the family court in the *Ray* case did not issue a ruling within 30 days of Mr. Ray's motion, that even if Mr. Ray had tried to rely on *W.Va.Code,* 51–2A–

10, the family court was "without jurisdiction to enter the order[.]" *Id.*

■ Our conclusion in footnote 16 of *Ray* that a motion for reconsideration under *W.Va.Code,* 51–2A–10 "does not toll the time for appeal" is, unfortunately, flatly contradicted by the *Rules of Practice and Procedure for Family Court.* Rule 25 of the *Rules* makes it clear that a petition to appeal a family court order tolls the time for filing a motion for reconsideration, and *vice-versa,* Rule 28 makes it clear that a motion for reconsideration filed within the appeal period tolls the time for filing an appeal. Rule 25 states:

> Any party may file a motion for reconsideration of a family court order as provided in W.Va.Code, § 51–2A–10. If an appeal has been filed within the time period for filing a motion for reconsideration, the time for filing a motion for reconsideration will be suspended during the pendency of the appeal.

Conversely, Rule 28(a) states:

> A party aggrieved by a final order of a family court may file a petition for appeal

---

(b) The provisions of the order may be modified if there is a substantial change in circumstances. If application of the guideline would result in a new order that is more than fifteen percent different, then the circumstances are considered a substantial change.

(c) An order that modifies the amount of child support to be paid shall conform to the support guidelines set forth in section one hundred one, article thirteen, et seq., of this chapter unless the court disregards the guidelines or adjusts the award as provided in section seven hundred two of said article.

(d) The Supreme Court of Appeals shall make available to the courts a standard form for a petition for modification of an order for support, which form will allege that the existing order should be altered or revised because of a loss or change of employment or other substantial change affecting income or that the amount of support required to be paid is not within fifteen percent of the child support guidelines. The clerk of the circuit court and the secretary-clerk of the family court shall make the forms available to persons desiring to represent themselves in filing a motion for modification of the support award.

(e) Upon entry of an order modifying a child support amount the court shall, no later than five days from entry of the order, provide a copy of the modified order to the Bureau for Child Support Enforcement. If an overpayment to one of the parties occurs as a result of the

modified terms of the order, funds properly withheld by the Bureau for Child Support Enforcement pursuant the terms of the original order shall not be returned until such time as the Bureau for Child Support Enforcement receives repayment from the party in possession of the overpayment.

7. *W.Va.Code,* 51–2A–10 [2001] states:

(a) Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

(b) A motion for reconsideration must be filed with the clerk of the circuit court within a reasonable time and for reasons set forth in subdivision (1), (2) or (3), subsection (a) of this section, not more than one year after the order was entered and served on the other party in accordance with rule 5 of the rules of civil procedure. The family court must enter an order ruling on the motion within thirty days of the date of the filing of the motion.

to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office. If a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration.

In light of the language of these rules, our statement in footnote 16 of *Ray*—that a ruling on a motion for reconsideration within 30 days is mandatory because a motion for reconsideration does not toll the time for appeal—is plainly wrong. A motion for reconsideration *does* toll the time for appeal, and a timely petition for appeal *does* toll the time for filing a motion for reconsideration, and there is nothing else in the statute to indicate that the 30–day time limit is a jurisdictional requirement.

In summary, the essence of our decision in *Ray*—that a petition to modify a child support order under *W.Va.Code,* 48–11–105 may not be used in lieu of an appeal—was correct. But the remainder of the *per curiam* opinion pertaining to the jurisdiction of the family courts is—without question—wrong. We therefore overrule *Ray* in all respects except for its conclusion that a petition to modify a child support order may not be used in lieu of an appeal.

Because the parties have cited us to no other authority regarding the jurisdiction of the family courts over child support questions in a domestic relations case when an issue in the case has been appealed to a higher court, we must therefore carefully examine the statutes setting forth the borders of the family courts' authority over child support obligations.

■ The family courts plainly have original and continuing jurisdiction over matters of child support in domestic relations actions. The Legislature has made this clear. First, in the statutes establishing the family courts, *W.Va.Code,* 51–2A–2(a)(2) and (a)(9) [2007], the Legislature stated:

> The family court shall exercise jurisdiction over the following matters: . . .
>
> (2) All actions to obtain orders of child support . . .
>
> (9) All motions for modification of an order . . . for child support[.]

Further, the Legislature has stated when a marriage that involves children is dissolved, the family court must enter an order setting the parties' child support obligations, and may upon motion of any party revisit and revise those obligations so long as the children are minors.[8] And finally, the Uniform Interstate Family Support Act adopted by the Legislature says that the jurisdiction of the family courts over child support matters is "continuing" and "exclusive" if the parent and child reside in this State.[9]

The question raised by the appellant is whether the Legislature intended to divest the family courts of continuing and exclusive jurisdiction over matters of child support in a domestic relations action, when an issue in the action has been appealed. We find that it did not.

---

**8.** *W.Va.Code,* 48–5–603(b) [2001] states, in part, that "[i]f the action involves a minor child or children, the court shall order either or both of the parties to pay child support . . ." *W.Va.Code,* 48–5–704 [2001] discusses the revision of a child support order, stating:

(a) After entering an order establishing child support in accordance with the provisions of section 5–603, the court may from time to time afterward, upon the motion of either of the parties or other proper person having actual or legal custody of the minor child or children of the parties, revise or alter the order concerning the support of the children, and make a new order concerning the same, issuing it forthwith, as the circumstances of the parents or other proper person or persons and the benefit of the children may require.

(b) All orders modifying an award of child support must conform to the provisions regarding child support guidelines that are set forth in article 13 of this chapter.

(c) An order providing for child support payments may be revised or altered for the reason, inter alia, that the existing order provides for child support payments in an amount that is less than eighty-five percent or more than one hundred fifteen percent of the amount that would be required to be paid under the provisions of the child support guidelines that are set forth in article 13 of this chapter.

**9.** *W.Va.Code,* 48–16–205(a) [2002] states, in part:

A tribunal of this state that has issued a support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child support order[.]

The Legislature established a statutory system for appealing orders from the family court to both the circuit court and this Court. *See W.Va.Code*, 51–2A–10 to –16. In that statutory system, we find a scheme that has as its polar star the best interests of the children. None of these appellate provisions deprive the family court of jurisdiction over child support matters while an appeal is pending, and none require a stay of any or all proceedings while an appeal is pending.

Instead, the statutes make it clear that an appeal of a family court order—*any* order—to a circuit court does not automatically stay the enforcement of that order, and does not automatically stay any other proceedings.[10] Under *W.Va.Code*, 51–2A–12, a stay is entirely discretionary upon the courts. *W.Va. Code*, 51–2A–12(a) states that if an appeal is filed in the circuit court, a family court judge may (*sua sponte* or on motion of a party) enter an order halting "all or part of a final order" or granting a "stay of proceedings." *W.Va.Code*, 51–2A–12(b) states that if the

family court denies a stay, or affords unacceptable relief, then a party may ask the circuit court for a stay. *See, Deitz v. Deitz*, 222 W.Va. 46, 659 S.E.2d 331 (2008) (*per curiam*) (circuit court cannot grant a stay *sua sponte*, but can only grant a stay on motion of a party).

But, most importantly, the Legislature made it clear that an order by a family court or circuit court granting a stay of any kind "may not include a stay of an award for the payment of ... child support pending the appeal[.]" *W.Va.Code*, 51–2A–12(c). *See also*, Rule 27, *Rules of Practice and Procedure for Family Court.*

As for appeals to this Court, the Legislature did not prescribe any measures regarding stays. However, our *Rules of Appellate Procedure* make clear that in civil cases, the issuance of a stay when a final order is appealed to this Court is discretionary, both by the circuit court and by this Court. *W.Va.R.App.Pro.*, Rule 6 [1995].[11] Further,

---

**10.** *W.Va.Code*, 51–2A–12 [2001] states:

(a) Any person desiring to file a petition for appeal from a final order of the family court may file a motion for a stay of proceedings to the family court in which the order was entered. The motion for a stay shall be filed with the clerk of the circuit court and served on the respondent in accordance with rule 5 of the rules of civil procedure. The family court may, sua sponte, order a stay of all or part of a final order pending appeal. Subject to the provisions of subsection (c) of this section, the family court may order a stay for the period of time allowed for the filing of a petition for appeal to the circuit court or for any additional period of time pending disposition of the appeal. If the circuit court refuses to consider the petition for appeal, the stay is vacated.

(b) If the family court judge denies a motion for a stay of the proceedings pending appeal, or if the relief afforded is not acceptable, the person desiring to file the petition for appeal may file a motion for a stay of the proceedings to the circuit court. The motion for stay shall be filed with the clerk of the circuit court and served upon the other party in accordance with rule 5 of the rules of civil procedure. Subject to the provisions of subsection (c) of this section, the circuit court may order a stay for the period of time allowed for the filing of a petition for appeal to the circuit court or for any additional period of time pending disposition of the appeal. If the circuit court refuses to consider the petition for appeal, the stay is vacated.

(c) An order granting a motion for a stay under the provisions of this section may not include a stay of an award for the payment of spousal support or child support pending the appeal, except that an award of past-due child support may be stayed pending an appeal.

**11.** Rule 6 of the *Rules of Appellate Procedure* states, in part:

(a) Application for Stay. Any person desiring to present a petition for an appeal may make application for a stay of proceedings to the circuit court in which the judgment or order desired to be appealed was entered. Such application must be made by notice in writing to the opposite party at any time after the entry of the judgment or order to be appealed.

(b) Effect of Stay. The circuit court shall grant such stay in a criminal case as provided for by W.Va.Code, 62–7–1, and may grant a stay suspending the execution of a judgment or order, modifying, restoring, or granting an injunction, or staying the execution of a criminal sentence or fine beyond the time mandated by statute. Such stay shall be effective unless sooner modified by such court or by the Supreme Court:

(1) for the period prescribed by law for presentation of a petition for appeal, unless a petition for appeal is rejected by the Supreme Court on the ground that it is plainly right, in which case the stay shall be vacated;

(2) for any additional period after an appeal has been allowed pending final disposition of the appeal.

a stay operates in a civil case as a "stay of proceeding," which the *Rules of Appellate Procedure* define as "a proceeding to stay execution of a judgment pending an appeal." In other words, in an appeal to this Court, a "stay" does not automatically halt all proceedings in the court below, but is limited only to halting the operation of the final order subject to appeal.

Reading these various statutes and rules together in the context of orders pertaining to child support in domestic relations actions, we find a system that is *sui generis* and unlike a typical civil appeal. The system clearly contemplates that a final family court child support order may be challenged directly via an appeal or a motion to reconsider. A party may seek a stay of all or part of most family court orders, but *not* orders pertaining to contemporaneous child support payments. And while that order is being reconsidered or reviewed on appeal, the system clearly contemplates a parent seeking an entirely new, prospective child support order based upon a significant change in the parties' circumstances.[12]

We can conceive of circumstances where a family court has entered a child support or other domestic relation order, and while that order is on appeal—to either the circuit court or this Court—a parent's or child's circumstances may have dramatically changed such that a new, prospective child support order is compelled by events. A parent may have lost a job, gotten a job, received a significant pay raise, moved or become homeless, or a child may have come of majority, developed a serious medical condition, or chosen to live with a different parent a majority of the time. Worse yet, there could be allegations of domestic violence, or a party may be contemptuously flouting the family court's rulings and be refusing to pay the child support ordered. In such circumstances, we cannot accept the appellant's argument that the Legislature intended for the filing of an appeal to automatically deny the family court any authority to address the best interests of the child.

Accordingly, we conclude that a family court has continuing jurisdiction to enter, modify or reconsider a child support order in a domestic relations case, notwithstanding the fact that another order in the same case has been appealed to a higher court.

## IV.

### *Conclusion*

In the instant case, the circuit court concluded that, because an appeal was pending before this Court between February 9, 2006 and July 7, 2006, the family court was automatically divested of any jurisdiction to modify the parties' child support obligations. This holding was clearly in error and must be reversed. The case must also be remanded for entry of an order reinstating the family court's March 9, 2007 order.

The circuit court did conclude—correctly, we believe—that the family court could modify the parties' child support obligations for dates after July 2006. While the appellant disagrees with this conclusion, we find that the circuit court's ruling should be affirmed.[13]

---

(c) Application in Supreme Court. If the circuit court should refuse to grant a stay, or if the relief afforded is not acceptable, the applicant may, upon written notice to the opposite party, apply to the Supreme Court for a stay. Such application shall show the reasons assigned by the circuit court for denying a stay or other relief, and further show the reasons for the relief requested and the grounds for the underlying appeal. If the facts are subject to dispute, the application shall be supported by affidavits or other sworn statements. Such parts of the record as are relevant shall be filed with the application.

12. This system appears somewhat analogous to appeals in the workers' compensation system, where each order by the Commissioner becomes a separate, appealable issue. While several of the Commissioner's orders may be on appeal simultaneously, the Commissioner can continue to manage a claim and issue additional orders awarding an injured claimant prospective relief.

13. The appellant, Mr. Allen, raised two other points of error in his petition for appeal.

First, Mr. Allen questions the family court's decision to use his 2006 income rather than an undetermined average of his prior income. The circuit court refused to consider this question since it was raised for the first time on appeal, and we see no error in the circuit court's ruling.

Second, Mr. Allen demands that the appellee's former attorney be sanctioned for obtaining copies of Mr. Allen's income tax forms from the

Affirmed, in part, reversed, in part, and remanded.

State Tax Commissioner through use of a subpoena, rather than a court order, and then filing those forms with the court. (The family court judge later had those tax documents removed from the court record). Mr. Allen asserts that, under Rule 6 of the *Rules of Practice and Procedure for Family Court,* a party's income tax forms are "confidential records."

Rule 6(d) lists various "confidential records" that cannot be obtained by subpoena (unless the subject of the records waives confidentiality in writing) but are only accessible by a court order:

Such records include, but are not limited to: confidential medical and educational records; and confidential records of the West Virginia Department of Health and Human Resources; the Office of Social Services; the Office of Economic Services; the child support enforcement agency; West Virginia juvenile court proceedings; mental health treatment and counseling; substance abuse treatment; and domestic violence shelters.

We do not perceive how income tax records—which the family court mandated that the parties exchange annually but which Mr. Allen apparently refused to produce—are "confidential records" on par with those listed in Rule 6(d). Furthermore, we find nothing mandating a party or their counsel be punished for an alleged violation of the Rule. We therefore cannot say that the family court erred in refusing to award sanctions, and decline to give further consideration to the appellant's argument.