# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: The Marriage/Children of:

**Harry E. W. Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**May 3, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-0956** (Pocahontas County 96-D-39)

**Mary M. W.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harry E. W. Jr.,[1] pro se, appeals the October 17, 2017, order of the Circuit Court of Pocahontas County ("Pocahontas County Circuit Court") refusing his appeal from the July 24, 2017, order of the Family Court of Pocahontas County ("Pocahontas County Family Court"). In the July 24, 2017, order, the family court denied petitioner's motion seeking relief from a November 29, 2001, final order directing him to pay permanent spousal support to his former wife, Respondent Mary M. W., in the amount of $2,250 per month and to pay child support in the amount of $3,250 per month. Respondent, by counsel Barry L. Bruce, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed for divorce from respondent on May 20, 1996, and the parties' marriage was dissolved in a bifurcated proceeding by order entered April 6, 1998. Prior to the entry of the November 29, 2001, order that resolved the remaining issues between the parties, petitioner was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

convicted in Greenbrier County of second-degree arson, arson causing injury, breaking and entering, and retaliation against a witness, "all involving a fire at the office of [r]espondent's counsel[.]"

In the November 29, 2001, order, the Pocahontas County Circuit Court, which then had jurisdiction in divorce cases,[2] found that respondent was entitled to permanent spousal support, noting that she ceased her employment at the birth of the parties' first child and "has cared for and homeschooled the parties' nine children during the marriage." The Pocahontas County Circuit Court further found that the parties' children were "in need of child support". While petitioner, a physician,[3] no longer had any income because of his incarceration, the Pocahontas County Circuit Court found that assets in petitioner's separate estate were sufficient for him to continue paying spousal and child support at the amounts previously established in temporary orders. Accordingly, the Pocahontas County Circuit Court denied petitioner's petition to modify his support obligations and ordered:

> 3. [Petitioner] shall continue to pay permanent [spousal support] to [respondent] in the amount of $2,250.00 per month and continuing each month under further order of the [c]ourt. Termination of [spousal support] shall be automatic upon the death of [petitioner] or the remarriage of [respondent]. *Payments shall be made to [respondent] from the corpus of [petitioner]'s separate estate.*

> 4. [Petitioner] shall continue to pay child support in the amount of $3,250 per month and continuing each month until the children reach the age of 18 years, graduate from high school, marry, or become emancipated. *Payments shall be made to [respondent] from the corpus of [petitioner]'s separate estate.*

(Emphasis added.). According to respondent, petitioner attempted to appeal the Pocahontas County Circuit Court's November 29, 2001, order, but failed to do so properly.[4] Therefore, the November 29, 2001, order became final without being appealed.

Petitioner was released from incarceration on parole in 2008 and completely discharged his sentence in 2010. In 2013, petitioner filed a petition for a writ of coram nobis in the Circuit Court

---

[2]The family court system came into existence on January 1, 2002. On that date, Rule 3(b) of the West Virginia Rules of Practice and Procedure for Family Court directed that "all family court cases pending before the circuit court . . . be transferred to the jurisdiction to the family court."

[3]Following petitioner's convictions, he lost his medical license.

[4]The record reflects that petitioner filed a "motion to petition the circuit court for an appeal of law" on February 4, 2002.

of Greenbrier County ("Greenbrier County Circuit Court") challenging his convictions relating to the fire at respondent's attorney's office. By order entered June 17, 2016, the Greenbrier County Circuit Court granted petitioner a writ of coram nobis and vacated his convictions, finding that petitioner's attorney in the Greenbrier County criminal case had an actual conflict of interest and that "the conflict itself demonstrates the denial of the right to have the effective assistance of counsel and [p]etitioner need not demonstrate prejudice in order to obtain relief."[5]

In the Pocahontas County Family Court case, by amended order entered June 21, 2016, respondent and the West Virginia Bureau of Child Support Enforcement obtained a decretal judgment against petitioner for past due spousal and child support in the amount of $1,059,140.14. In March of 2017, petitioner had a support arrearage in the amount of $1,111,953.67 with regard to current and past due spousal support and past due child support, including interest.

On April 18, 2017, petitioner filed a motion in the Pocahontas County Family Court seeking relief from the November 29, 2001, final order directing him to pay permanent spousal support to respondent in the amount of $2,250 per month and to pay child support in the amount of $3,250 per month.[6] In petitioner's motion, he argued that, in the November 29, 2001, final order, the Pocahontas County Circuit Court either (1) attributed income to him on the theory that he became unemployed through voluntary criminal conduct; or (2) directed him to continue paying support at prior levels as additional punishment for his convictions. Given that petitioner's convictions in the Greenbrier criminal case had been declared invalid, he further argued that the November 29, 2001, final order in the Pocahontas County Family Court case should likewise be vacated. Following a June 22, 2017, hearing, the Pocahontas County Family Court denied the motion, finding that "[n]othing in the record suggests that [the Pocahontas County Circuit Court]'s award of [spousal support] and child support was premised upon [p]etitioner's criminal charges

---

[5]Petitioner's attorney in the Greenbrier County criminal case also represented him in the Pocahontas County Family Court case. The attorney also represented petitioner's second wife whom petitioner married in 1999. Petitioner's second wife was charged with aiding him in an attempted escape from incarceration, and in its June 17, 2016, order, the Greenbrier County Circuit Court found that petitioner's attorney acted against petitioner's interests to favor those of petitioner's second wife.

[6]Petitioner filed his motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. In *Ray v. Ray*, 216 W.Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), *overruled on other grounds*, *Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009), we found that a motion for reconsideration pursuant to West Virginia Code § 51-2A-10 has replaced a motion for relief from judgment pursuant to Rule 60(b) in the family court. Furthermore, Rule 25 of the West Virginia Rules of Practice and Procedure for Family Court directs parties to file a motion for reconsideration "as provided in [West Virginia Code] § 51-2A-10." However, petitioner is a pro se litigant and respondent does not argue that petitioner filed his motion under the wrong rule. Therefore, we consider petitioner's appeal under Rule 60(b), noting that "the grounds for relief under [West Virginia Code] § 51-2A-10(a) are almost identical to those contained in Rule 60(b)." *Ray*, 216 W.Va. at 14 n.13, 602 S.E.2d at 457 n.13.

3

and incarceration[.]" Rather, the Pocahontas County Family Court found that petitioner's support obligations were based on "his sizable estate."[7] Petitioner appealed the Pocahontas County Family Court's July 24, 2017, order, but the Pocahontas County Circuit Court refused his appeal by order entered October 17, 2017.

Petitioner now appeals the Pocahontas County Circuit Court's October 17, 2017, order refusing his appeal from the Pocahontas County Family Court's July 24, 2017, order denying his motion seeking relief from the November 29, 2001, final order. We review this matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). In syllabus points three and four of *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), we held:

> 3.    An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.

> 4.    In reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.[8]

---

[7]Petitioner's share of the marital estate totaled $225,135. In addition, certain items of property, including artwork, were ordered sold with the proceeds evenly divided between the parties.

[8]Rule 60(b) provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

(continued . . .)

On appeal, petitioner adamantly argues that in the November 29, 2001, final order, the Pocahontas County Circuit Court either (1) attributed income to him on the theory that he became unemployed through voluntary criminal conduct; or (2) directed him to continue paying support at prior levels as additional punishment for his convictions. Given that petitioner's convictions in the Greenbrier criminal case have been declared invalid, he further argues that the November 29, 2001, final order in the Pocahontas County Family Court case should likewise be vacated. Respondent counters that petitioner's support obligations set forth in the November 29, 2001, final order were not based in any way on petitioner's criminal conduct, but were based instead on assets in petitioner's separate estate. We agree with respondent.

In syllabus point six of *Adkins v. Adkins*, 221 W.Va. 602, 656 S.E.2d 47 (2007), we held that "[t]he support obligation of an incarcerated person should be set in light of that person's actual earnings while incarcerated *and other assets of the incarcerated person practically available to provide such support.*" (Emphasis added.). Based on our review of the November 29, 2001, final order, we concur with the Pocahontas County Family Court's finding that petitioner's support obligations were based on "his sizable estate." Therefore, upon our review of the appellate record, we conclude that insufficient grounds exist for disturbing the finality of the November 29, 2001, final order.

Petitioner argues that his separate estate has long been exhausted. In syllabus point three of *Adkins*, we held that "[m]odification of support obligations imposed on incarcerated persons may be sought in the same manner as any parent." *Id.* at 604, 656 S.E.2d at 49. At the June 22, 2017, hearing, the Pocahontas County Family Court questioned petitioner as to whether he sought modification of his support obligations. Petitioner responded that he sought modification "several times and was always denied." We note that petitioner fails to point to anything in the record that establishes the date that his separate estate allegedly became exhausted. For however long sufficient assets remained in petitioner's separate estate to satisfy his support obligations, we find that he was obliged to make the support payments. *See id.* at 610, 656 S.E.2d at 55 (finding that "incarceration does not relieve a parent of the obligation to pay child support"). Therefore, based on our review of the record, we conclude that the Pocahontas County Family Court did not abuse its discretion in denying petitioner's motion seeking relief from the November 29, 2001, final order as there were insufficient grounds for disturbing the finality of that order.

---

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Because both the Pocahontas County Family Court and the Pocahontas County Circuit Court considered the merits of petitioner's motion, we assume, arguendo, that it was timey filed under Rule 60(b).

For the foregoing reasons, we affirm the October 17, 2017, order of the Circuit Court of Pocahontas County refusing petitioner's appeal from the July 24, 2017, order of the Family Court of Pocahontas County denying petitioner's motion seeking relief from the November 29, 2001, final order that directed him to pay permanent spousal support to respondent in the amount of $2,250 per month and to pay child support in the amount of $3,250 per month.

Affirmed.

**ISSUED:**   May 3, 2019


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison