# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Benjamin J.,**
**Defendant Below, Petitioner**

**vs.)  No. 18-1114** (Jefferson County 18-DV-80)

**Kristina J.,**
**Plaintiff Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Benjamin J.,[1] self-represented, appeals the November 28, 2018, order of the Circuit Court of Jefferson County denying his appeal from the October 5, 2018, order entered by the Family Court of Jefferson County denying a renewed motion for reconsideration of a one-year domestic violence protective order ("DVPO") entered by the family court on June 13, 2018. Respondent Kristina J. did not file a response.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal has been rendered moot. For these reasons, a memorandum decision dismissing the appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]By scheduling order entered on December 27, 2018, this case was deemed confidential pursuant to Rule 40(c) of the West Virginia Rules of Appellate Procedure. *See* W. Va. Code § 48-1-303(b) (providing that the record in a domestic relations matter is confidential).

[2]Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we will assume that the respondent agrees with petitioner's view of the issue. However, we will accept a party's concession only after a proper analysis shows that it is correct. *See* Syl. Pt. 8*, State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991). Here, for reasons discussed below, we dismiss petitioner's appeal as moot.

The parties are married but separated.[3] Petitioner lives in Massachusetts, while respondent and her minor child, petitioner's stepdaughter, reside in Jefferson County, West Virginia. On May 29, 2018, respondent filed a domestic violence petition in the Magistrate Court of Jefferson County. In the petition, respondent alleged that, while on the phone with respondent's child, petitioner told the child that she should open the door for a "playmate" he was sending to respondent's residence. Shortly thereafter, an adult male whom respondent did not know arrived outside and walked around respondent's house several times. Respondent requested a DVPO against petitioner with a duration of one year. In a May 29, 2018, order, the magistrate court granted respondent an emergency protective order and scheduled the hearing for the DVPO before the Family Court of Jefferson County for June 6, 2018. The family court hearing was continued to June 13, 2018.

Respondent appeared at the June 13, 2018, hearing, but petitioner failed to appear. Respondent testified in support of her petition. By order entered June 13, 2018, the family court found that petitioner had "due notice" of the hearing and that it had personal jurisdiction of both parties. The family court further found that petitioner placed respondent "in reasonable apprehension of physical harm." Accordingly, the family court granted respondent's request for a one-year DVPO, ruling that the DVPO would expire at midnight on June 13, 2019.

In a letter dated June 26, 2018, petitioner informed the family court that he was incarcerated in Massachusetts at the time of the June 13, 2018, hearing. By order entered on July 20, 2018, the family court construed petitioner's letter as a motion for reconsideration under West Virginia Code § 51-2A-10 and set a hearing on the motion for August 8, 2018.[4] Petitioner failed to appear for the August 8, 2018, hearing. Accordingly, the family court dismissed petitioner's motion for reconsideration on that same date. On October 4, 2018, petitioner filed a renewed motion for reconsideration, informing the family court that he was re-incarcerated in Massachusetts at the time of the August 8, 2018, hearing. By order entered on October 5, 2018, the family court denied the renewed motion for reconsideration pursuant to West Virginia Code § 51-2A-10(b), finding that the motion was not filed within a "reasonable time" and there was a need to achieve finality in the parties' case. Petitioner appealed the family court's October 5, 2018, order to the Circuit Court of Jefferson County, which denied the appeal by order entered on November 28, 2018.

Petitioner filed the instant appeal of the circuit court's November 28, 2018, order on

[3]According to petitioner, he filed a divorce action in Massachusetts but failed to obtain successful service on respondent in West Virginia.

[4]Rule 25 of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, that "[a]ny party may file a motion for reconsideration of a family court order as provided in [West Virginia Code] § 51-2A-10." In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), *overruled on other grounds*, *Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009), we found that a motion pursuant to West Virginia Code § 51-2A-10 has replaced a motion for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in family court.

December 26, 2018, and later filed his brief and appendix on March 28, 2019.[5] Thereafter, the DVPO expired by its own terms on June 13, 2019.

"'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006). On appeal, petitioner argues that the family court erred in denying his renewed motion for reconsideration and that the DVPO against him should be vacated. Based on our review of the record, even if petitioner is correct that the DVPO was entered erroneously, we find that there is no need to vacate the DVPO due to its expiration.[6] Therefore, we dismiss petitioner's appeal as moot.

Dismissed as moot.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]On April 1, 2019, petitioner filed a motion to supplement the appendix. We deny this motion as moot given our dismissal of petitioner's appeal.

[6]As relief, petitioner requests the expungement of the DVPO from his record in addition to its vacatur. However, petitioner fails to provide any argument or legal authority in support of that request. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal").