IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHAWN D.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-145**        (Fam. Ct. Kanawha Cnty. Case No. 21-D-475)

**CYNTHIA H.,**
**Petitioner Below, Respondent**

### MEMORANDUM DECISION

Petitioner Shawn D.[1] ("Father") appeals the Family Court of Kanawha County's February 28, 2024, orders. In one order, the Order Regarding Respondent's Motion For Reconsideration Pursuant to Rule 60(b), the family court denied Father's motion for reconsideration of its December 18, 2023, order issued in Case No. 21-D-475, which held Father in contempt. In the other order, the Amended Domestic Violence Protective Order, entered in Case No. 23-DV-1180, the family court granted a domestic violence protective order against Father. Respondent Cynthia H. ("Mother") filed a response in support of the family court's orders.[2] Father did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's Order Regarding Respondent's Motion For Reconsideration Pursuant to Rule 60(b) is appropriate under Rule 21 of the Rules of Appellate Procedure. However, this Court lacks jurisdiction to address the Amended Domestic Violence Protective Order.

The parties were never married but share two minor children. This appeal is based on an order disposing of a motion to vacate and set aside two separate orders of the family court entered in two separate cases between the parties. One of the actions was a domestic action assigned Case No. 21-D-475 ("Contempt Matter"). That action began when Mother

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Ronald N. Walters, Jr., Esq. Mother is represented by Erica Lord, Esq.

filed a petition to establish custodial allocation of the parties' children. On September 3, 2021, the family court entered an order granting the parties 50-50 custody of the children. At the time of the final hearing, both parties were represented by counsel. The second case began when Mother filed a petition for a domestic violence protective order. That matter was assigned Case No. 23-DV-1180 ("Domestic Violence Matter"). On December 23, 2023, the magistrate court entered an emergency domestic violence protective order and eventually, on January 3, 2024, the family court granted a final domestic violence protective order against Father in favor of Mother.

Events leading to the Contempt Matter began on October 13, 2023, when Mother filed her petition for contempt. The basis for the petition was that Father had taken one of the children from Mother's work during her parenting time without her knowledge and took the child to a football game and concert. The petition alleged that law enforcement had to get involved to return the child to Mother. The petition also alleged that Father would make Mother wait inordinate amounts of time to pick up the children from him. The petition also asserts violation of a domestic violence protective order. On October 31, 2023, the family court entered a rule to show cause order that set a hearing on the petition for December 12, 2023. On December 11, 2023, Father filed his pro se answer to the petition which denied the allegations and set forth many factual allegations against Mother. The next day, the day of the scheduled hearing, Father filed a motion to continue the hearing on the basis that due to the holidays, it had been difficult to find counsel. Father asserted that he contacted five attorneys who all had scheduling conflicts.

On December 18, 2023, the family court entered its Final Contempt Order. In that order, the family court noted that it heard the sworn testimony of the family court's clerk that when Father filed his motion to continue, he was informed by the clerk that it would likely not be granted due to its last-minute nature. The clerk further testified that Father told her that he refuses to attend the hearing due to the way the family court judge made him feel over the last few hearings and that he had "had it" with the family court judge. The clerk then testified that she later called Father at the direction of the family court to inform him that Mother's counsel objected to the continuance and therefore the hearing would go on as planned. The clerk testified that Father informed her that he had filed an ethics complaint against the family court judge the day before and he was told by the Judicial Investigation Commission that there was an active investigation into the family court judge and the judge was to be recused. The family court judge noted that it had not seen a motion for disqualification or been contacted by the Judicial Investigation Commission. The family court then went on to strike Father's answer to the petition as untimely filed as it was filed within forty-eight hours of the hearing; conclude that Father's actions were meant to delay the matter and intimidate the family court from hearing the matter before it; found Father's last minute pleadings to be procrastinating and dilatory and therefore denied the motion to continue; and finally, the family court made findings consistent with the allegations in the petition and found Father in contempt. The family

court ordered Father to pay a $500.00 civil penalty and attorney's fees and costs in the amount of $2,500.00. On January 3, 2024, counsel for Father filed his notice of appearance.

Turning to the Domestic Violence Matter, on December 23, 2023, Mother filed a petition for a domestic violence protective order on the basis that there was a disagreement over the parties' son going to a football tournament in South Carolina. On December 23, 2023, the magistrate court entered an ex parte emergency domestic violence protective order and set the matter for a final hearing before the family court on January 3, 2024. Following the hearing, on the same date, the family court entered a final domestic violence protective order against Father in favor of Mother. On January 10, 2024, Father's counsel filed his notice of appearance.

On February 12, 2024, Father, through counsel, filed his Motion to Vacate and Set Aside Judgment Pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. The motion asserted that there was a defect in service regarding the domestic violence petition filed by Mother and therefore the family court lacked jurisdiction to enter the protective order against Father. The motion further asserted that the order in the Contempt Matter should be set aside because Father should have been granted a continuance to find counsel. Mother responded in opposition to the motion. On February 13, 2024, Father filed another answer to the petition for contempt, this time through counsel, and on February 15, 2024, filed a motion to permit his witnesses to testify telephonically. Mother moved to strike the answer on the basis that the Contempt Matter had already been decided by the family court and to strike the motion to permit telephonic testimony as untimely filed within forty-eight hours of the scheduled hearing. Either at or after the February 15, 2024, hearing, Father filed motions to appoint a guardian ad litem, to compel in camera testimony of the minor child, and a motion to testify telephonically, and Mother responded to each. Mother also filed a motion to quash a subpoena directed at her former doctor on the basis that it had no purpose other than to harass and embarrass her.

On February 28, 2024, the family court entered the orders on appeal. In the Order Regarding Respondent's Motion for Reconsideration Pursuant to Rule 60(b),[3] the family

---

[3] The parties below and the family court discussed the motion for reconsideration in terms of Rule 60(b) of the Rules of Civil Procedure rather than West Virginia Code § 51-2A-10. We have recognized that "[i]n *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), (*overruled on other grounds*), the Supreme Court of Appeals of West Virginia found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court." *Kierstyn C. v. Justin B.*, No. 23-ICA-200, 2024 WL 1256070, at *4 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Of course, "the grounds for relief under W. Va. Code § 51–2A–10(a) are almost identical to those contained in Rule 60(b)." *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13

court denied Father's Rule 60(b) motion in regard to the Contempt Matter on the basis that the grounds asserted in the motion were insufficient to grant the relief requested under the rule. The family court held the portion of the Rule 60(b) motion regarding the Domestic Violence Matter in abeyance. However, the family court separately entered the Amended Domestic Violence Protective Order, which granted a final domestic violence protective order in favor of Mother against Father.[4]

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C*., 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father asserts that the family court erred in denying his reconsideration as it pertains to the Contempt Matter because the family court should have granted Father a continuance. We disagree. The Supreme Court of Appeals of West Virginia has long held that "[i]t is well settled as a general rule that the question of continuance is in the sound discretion of the trial court, which will not be reviewed by the appellate court, except in case it clearly appears that such discretion has been abused." Syl. Pt. 1, *Levy v. Scottish Union & Nat'l Ins. Co.*, 58 W.Va. 546, 52 S.E. 449 (1905). Given the last-minute nature of Father's motion to continue and Mother's objection to the same, the family court did not abuse its discretion by failing to grant Father a continuance. Accordingly, the family court

---

(2004), *overruled on other grounds by Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009).

[4] On March 7, 2024, the family court entered its Final Contempt Order Regarding Respondent's Failure to Pay Civil Penalty and Failure to Pay Attorney Fees and Costs which held that Father failed to pay the $500.00 civil penalty and the $2,500.00 attorney's fees as ordered, and therefore the family court ordered Father's incarceration until he could purge himself of contempt by paying the civil penalty and attorney fees award. The order goes on to note that shortly after Father was taken into custody, someone from a local church wrote two checks to satisfy the purge. Therefore, the family court concluded that Father had purged himself of contempt.

did not err by denying Father's motion for reconsideration in regard to the Contempt Matter.

Father's remaining assignments of error pertain to the Amended Domestic Violence Protective Order. However, we decline to address these assignments of error because this Court lacks jurisdiction over "final orders issued by a family court in any domestic violence proceeding[.]" W. Va. Code § 51-11-4(b)(2) (2024). Although the family court essentially consolidated the domestic violence matter with the contempt matter, this Court has previously held that consolidation by the lower court of a matter that this Court does not have jurisdiction over with a matter over which this Court does have jurisdiction does not bestow appellate jurisdiction over both matters. *See SWN Prod. Co., LLC v. City of Weirton Bd. of Zoning Appeals,* No. 23-ICA-405, 2024 WL 1730044, at *3 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). Accordingly, this Court declines to address the assignments of error based on the Domestic Violence Matter pursuant to West Virginia Code § 51-11-4(b)(2).

Therefore, based on the foregoing, the February 28, 2024, Order Regarding Respondent's Motion For Reconsideration Pursuant to Rule 60(b) of the Family Court of Kanawha County is affirmed.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear